## BLUME v. J. I. CASE THRESHING MACH. CO. (No. 638.)

(Court of Civil Appeals of Texas. Beaumont.
Nov. 9, 1920. Rehearing Denied
Dec. 1, 1920.)

1. **Abatement and revival** ⊸8(7)—**Buyer's action for breach cannot abate seller's action on notes.**

The buyer's action for breaching a threshing machine sales contract cannot be pleaded in abatement against seller's action on purchase-money notes and to foreclose chattel mortgages securing them.

2. **Injunction** ⊸32 — **Subsequent action in another county enjoined.**

Where a buyer's suit against the seller for breaching a threshing machine sales contract claimed damages exceeding the purchase price, a subsequent action by the seller in another county to collect purchase-money notes and foreclose chattel mortgages securing them should be enjoined.

3. **Injunction** ⊸32 — **Subsequent action enjoined, irrespective of irreparable injury.**

Subsequent actions may be enjoined to prevent conflicts of jurisdiction and on grounds of judicial comity, although the element of irreparable damage is not involved.

4. **Appeal and error** ⊸954(2)—**Denial of temporary injunction may be revised, where trial court merely doubted power.**

A broad discretion is vested in the trial court regarding temporary injunctions, but a denial thereof based on lack of power may be revised by the appellate court, without interfering with such discretionary power.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by E. D. Blume against the J. I. Case Threshing Machine Company. From an order dissolving two temporary injunctions, plaintiff appeals. Reversed and remanded, with directions.

A. D. Lipscomb, of Beaumont, for appellant.

Spence, Haven & Smithdeal, of Dallas, for appellee.

WALKER, J. This is an appeal from an order of the district court of Jefferson county, dissolving two temporary injunctions granted upon prayer of appellant, plaintiff below. In August, 1919, appellant entered into a contract with the appellee, defendant below, to purchase a threshing machine for which he executed his note in the sum of $1,602, secured by a chattel mortgage on the threshing machine and other personal property owned by him. This note was not paid by appellant when it became due, and appellee went upon appellant's premises in Jefferson county, took possession of the machine, carried it to Dallas, and advertised it for sale in Dallas county, under the terms of its chattel mortgage. Thereupon appellant filed his suit in the district court of Jefferson county, pleading the facts as just stated, a novation in the original contract, breach of contract of purchase by appellee, and by reason of such breach laid his damages in the sum of $10,000.

Without giving the substance of this petition, it is sufficient to say that the count for damages for the alleged breach of contract is good as against a general demurrer. His original petition concluded with the following prayer:

"Wherefore the plaintiff prays that defendant may be cited to answer hereto; that upon hearing of this petition the plaintiff may have his judgment for damages as hereinabove alleged, and costs of suit, and a permanent injunction against the sale of the said threshing machine, or any of the other property of the plaintiff, and that plaintiff may have a judgment for the recovery of his said threshing machine from defendant, or the value thereof in damages as above alleged, and for cancellation of said mortgage as having been satisfied, and pending the final hearing the plaintiff prays that he may have a temporary injunction against the defendant, restraining the aforesaid sale as advertised by the defendant."

E. A. McDowell, judge of the Sixtieth judicial district, one of the districts of Jefferson county, granted the injunction as prayed for. It was duly issued and served upon appellee. When this injunction was served, prohibiting the sale of the threshing machine, appellee then filed suit in one of the district courts of Dallas county against appellant, praying for judgment on its purchase-money note and for a foreclosure of its chattel mortgage lien on all property held by it as security for its debt. Appellant then filed a supplemental petition in his suit in Jefferson county in part restating his original cause of action and further pleading that the subject of appellee's suit in Dallas county was involved in his suit and was a part of his suit, and prayed for an injunction against appellee restraining it from further prosecuting its suit in Dallas county. The injunction was granted by Judge McDowell, as prayed for, and it was duly served. On appearance day of the ensuing term of the district court in Jefferson county appellee answered appellant's suit by a demurrer and on the facts, pleading, in substance, the facts as alleged in its suit in Dallas county, and prayed:

"Wherefore, premises considered, defendant prays that the temporary injunction issued herein be dissolved, and that the plaintiff take nothing by his suit against the defendant, and that defendant go hence without day, together with its costs, and for general relief."

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case was not tried on the facts, but appellant and appellee argued the demurrers, and submitted briefs to Judge McDowell. After deliberating on the case for some days, he dissolved the injunction. From this order appellant has duly perfected his appeal to this court.

Only two propositions are involved in this appeal; (1) Has appellant an adequate remedy at law by filing a plea in abatement in the suit in Dallas county? (2) If he has not, then did the district court of Jefferson county have authority to restrain appellee from a further prosecution of its suit in Dallas county? These propositions will be discussed in the order given.

[1] 1. The general rule for abating an action, on the ground that a prior action is pending involving the same parties and the same subject-matter, is thus stated in 1 Corpus Juris, p. 61, § 90:

To sustain the plea of another action pending at law or in equity, or to sustain such defense by demurrer or answer under the code, it is essential that it shall appear, not only that there is a prior action pending between substantially the same parties, but also that the cause or causes of action and the issues involved are substantially the same in the two suits."

Appellant's suit is for damages arising from an alleged breach of contract. In stating his cause of action he alleges the circumstances under which the contract was made, the terms of the contract, the novation in the contract, and the facts constituting the breach; also he alleges the execution of the notes and chattel mortgage sued on by appellee in Dallas county. No issue is made by him as to the execution of the note and mortgage. He further alleges that appellee wrongfully entered upon his premises, tore down his fences, and took from his possession the threshing machine, after the damage had accrued, and at a time when the damage exceeded his debt to appellee. He prays for a sum largely in excess of the amount due by him to appellee, and for the recovery of the threshing machine and cancellation of the mortgage. Appellee's suit is only on the note, and to foreclose the chattel mortgage executed by appellant, which are fully set out in appellant's original petition, filed in the suit in Jefferson county.

On this analysis of the pleading of the parties, it seems to us the issues in the two actions are not the same. The rule which we are seeking to apply in this case is thus stated by 1 Corpus Juris, p. 83, § 108:

"It is not a ground for abatement of an action that there is a prior action pending, even though plaintiff is a party thereto, in which he might, by a cross-bill, complaint, or petition, obtain against defendant the relief which he seeks in the second suit."

Mutual Life Ins. Co. v. Hargus, 99 S. W. 580, and Olschewske v. King, 43 Tex. Civ.

App. 474, 96 S. W. 666, are cited by Corpus Juris in support of this rule, and Judge Mc-Means' analysis of these cases in Lumber Co. v. Williamson, 164 S. W. 440, sustains the rule as announced by Corpus Juris.

[2] 2. If we are correct in holding that a plea in abatement is not available to appellant, do the facts of this case bring it within the rule announced in Peck v. Jenness, 7 How. 625 (12 L. Ed. 841):

"Where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court."

All the issues involved in both suits are set forth in appellant's suit filed in Jefferson county. The district court of Jefferson county has jurisdiction of both parties for the purposes of relief prayed for by appellant, and the venue of that cause of action is properly laid in Jefferson county. In that court appellee can have adjudicated, adequately and completely, all rights arising in its favor under the different issues of fact and law, growing out of the matters pleaded both by it and by appellant. Of course, this involves a full adjudication between it and appellant of its right to recover on the notes sued on in Dallas county, and to foreclose its chattel mortgage lien. Then, again, appellant has alleged that appellee has wrongfully taken from his possession the threshing machine, and has prayed for a recovery thereof. If the district court of Dallas county should proceed to judgment with appellee's suit, foreclose his lien, and sell the threshing machine, the effect would be to place this threshing machine beyond the process of the district court of Jefferson county. It is said in 7 R. C. L. p. 1068:

"The court which first acquires the lawful jurisdiction of specific property, by the seizure thereof, or by the due commencement of a suit, from which it appears that it is or will become necessary to a determination of the controversy involved, or to the enforcement of the judgment or decree therein, for the court to seize or to exercise other like dominion over the property, thereby withdraws that property from the jurisdiction of every other court, so far as it is necessary to accomplish the purpose of the suit, and that court is entitled to retain such control as is requisite to effectuate its final judgment or decree therein, free from the interference of every other tribunal."

We believe this case comes clearly within the rule thus announced. The district court of Jefferson county having first acquired jurisdiction of the subject-matter of the cause of action filed by appellee in Dallas county, its authority must be held to continue until the case is finally disposed of. If it has this authority, then it should protect its jurisdiction by injunction; for—

"The propriety of confining litigation to the forum in which it is first commenced has repeatedly been recognized by courts of equity, and an injunction will generally be allowed to prevent either party from removing the litigation into another court." High on Injunctions (4th Ed.) § 48.

[3] As sustaining the judgment of the court, appellee advances the proposition that—

"Before the trial court would be authorized to issue a writ of injunction, it must appear from the petition that the threatened injury would be irreparable; irreparable injury is such an injury as cannot be fully compensated in damages."

This is not a sound legal proposition, as applied to injunction in this class of cases, for injunctions are granted, not only "to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process," but also "on the grounds of judicial comity and courtesy." 7 R. C. L. 106.

[4] In granting a temporary injunction, pending litigation, a broad discretion is necessarily vested in the judge to whom the application is presented. It seems to us, in view of the order made by Judge McDowell dissolving this injunction, to wit:

"It is hereby provided that the order dissolving said injunction be suspended for 20 days, and thereafter pending the appeal, if filed within that time, to the end that the remedy may be available to plaintiff in the event the Court of Civil Appeals should determine that lawful or equitable grounds for said injunctions are alleged and that the power of this court was not improperly exercised in granting said injunctions"

—that we are not encroaching upon this discretion in reversing his order dissolving said injunctions. As we construe his order, he did not doubt the propriety of issuing the injunctions, provided the facts pleaded brought the cause of action within the recognized rules of equity jurisprudence.

For the reasons above stated, the order dissolving the two injunctions is reversed, and this cause is remanded, with instructions to the judge of the Sixtieth judicial district to enter an order continuing in force the two injunctions, as originally granted, until the final determination of this litigation.