**WOODS EXPLORATION & PRODUCING COMPANY, Inc., et al., Appellants,**

v.

**ALUMINUM COMPANY OF AMERICA et al., Appellees.**

No. 7.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 20, 1964.

Rehearing Denied Oct. 8, 1964.

Levert J. Able and Nick Nichols, Houston, for appellants.

Leroy Jeffers, of Vinson, Elkins, Weems & Searls, James W. Dilworth, of Andrews, Kurth, Campbell & Jones, Houston, C. Kinnear Earl, El Campo, for appellees.

SHARPE, Justice.

This appeal is from a judgment of the District Court of Calhoun County, Texas, sustaining pleas to the jurisdiction and in abatement filed by some of the appellees and dismissing the case.

Appellants, Woods Exploration & Producing Company, Inc., and Southeastern Pipe Line Company, sued appellees, Alu-

minum Company of America, Crown Central Petroleum Corporation, Carl E. Siegesmund, Lavaca Pipe Line Company, Lumar Gas Corporation, F. E. Appling and Fred Wolcott, for damages allegedly due to violations of the Texas Antitrust Statutes involving a conspiracy and combination by appellees to eliminate appellants and small tract owners from competing in the production of gas from the Appling field located in Calhoun and Jackson counties, Texas, and to restrict production from appellants' wells. The conspiracy was allegedly carried out by various means, one of which was the filing of false and fictitious nominations or Producers Forecasts with the Railroad Commission of Texas.

Appellants assert six points of error, in reply to which the appellees urge four counterpoints. We have concluded that appellants' first five points present reversible error and that the case should be remanded to the lower court for trial.

The Appling field was discovered in 1953. The history of its development is set out in the opinions of the Supreme Court of Texas and the Austin Court of Civil Appeals in the case of Railroad Commission of Texas et al. v. Aluminum Company of America et al., decided by the Supreme Court of Texas on May 27, 1964, 380 S.W.2d 599, rehearing overruled, July 15, 1964, reversing the Austin Court of Civil Appeals opinion reported 368 S.W.2d 818, which case will be further referred to hereafter in this opinion.

The trial court findings herein may be summarized as follows:

1. The facts and the law on the pleas in abatement and to the jurisdiction are with the defendants (appellees).

2. That the sole and exclusive jurisdiction of the matters in issue and controversy herein is vested first in the Railroad Commission of Texas and that sole and exclusive jurisdiction for the judicial review or adjudication of said issues and the matters in controversy herein is vested in the district court of Travis County, Texas.

3. That a prior action in which the Aluminum Company of America, Crown Central Petroleum Corporation, and Woods Exploration & Producing Company, Inc., are parties and involving substantially the same issues and matters in controversy herein is in fact pending in the district court of Travis County, Texas, in which a final judgment has been entered and is now on appeal by the said Woods Exploration and Production Company, Inc., to the Court of Civil Appeals for the Third Supreme Judicial District of Texas.

4. That the district court of Calhoun County is without jurisdiction of this action and that said pleas in abatement and to the jurisdiction should be in all things, sustained.

Based upon such findings and conclusions, the trial court dismissed this case.

We will first consider appellants' points 2 and 4 concerning the alleged errors of the trial court in holding that exclusive jurisdiction of this case is vested first in the Railroad Commission of Texas, and, for review, in the district court of Travis County, Texas, (such findings appearing in paragraph 2 of the summary of the trial court findings hereinbefore set out), along with appellees' counterpoint I which is urged in support of said rulings.

This case was determined by the trial court on the pleadings and evidence offered in support of appellees' pleas to the jurisdiction and in abatement. Such evidence consisted only of certified copies of pleadings and orders of the court in a case pending in Travis County, Texas, which will be hereafter referred to in more detail, and copies of certain nominations or Producers Forecasts filed by appellees with the Railroad Commission of Texas.

The nature and character of this suit, as determined from the allegations contained in the pleadings, appear to be dispositive of the contentions now under consideration. Analysis of appellants' petition reflects that the cause of action therein asserted is based

upon alleged violations by appellees of the antitrust statutes of Texas and a conspiracy and scheme entered into by them to eliminate appellants as competitors and to restrict the free pursuit of their business and production. It is alleged that as a part of such conspiracy and antitrust violations the appellees have filed false nominations or Producers Forecasts with the Railroad Commission of Texas, causing a reduction in the amount of gas which appellants could produce. Appellants rely upon various antitrust statutes of Texas, particularly Art. 7426, subdivisions 1, 6, and 7,[1] and Art. 7429, Vernon's Ann.Civ.St.Tex.[2] Appellants further point out that the statutes relating to the Railroad Commission and its functions specifically provide that the antitrust and monopoly statutes of Texas shall not be affected thereby.[3]

We recognize, as appellees contend, that the Railroad Commission of Texas is an administrative body having broad powers and discretion in connection with the subjects of conservation and production of crude petroleum oil and natural gas as well as with production nominations and allowables in connection therewith,[4] and that the orders, rules and regulations of said commission and the validity thereof are subject to review only by the district court

1. "Art. 7426. 'Trusts'
"A 'trust' is a combination of capital, skill or acts by two or more persons, firms, corporations or associations of persons, or either two or more of them for either, any or all of the following purposes:
"1. To create, or which may tend to create, or carry out restrictions in trade or commerce or aids to commerce or in the preparation of any product for market or transportation, or to create or carry out restrictions in the free pursuit of any business authorized or permitted by laws of this State.
"6. To regulate, fix or limit the output of any article or commodity which may be manufactured, mined, produced or sold, or the amount of insurance which may be undertaken, or the amount of work that may be done in the preparation of any product for market or transportation.
"7. To abstain from engaging in or continuing business, or from the purchase or sale of merchandise, produce or commodities partially or entirely within the State of Texas, or any portion thereof."

2. "Art. 7429 (7799): Acts illegal
"Any and all trusts, monopolies and conspiracies in restraint of trade, as herein defined, are prohibited and declared to be illegal."

3. Section 13 of Article 6049d, V.A.T.S., provides as follows:
"Sec. 13. It is especially provided that nothing herein shall in any manner affect, alter, diminish, change or modify the anti-trust and/or monopoly statutes of this State, and that no provision of this Act shall in any manner directly or indirectly authorize a violation of such anti-trust and/or monopoly statutes, and in this connection it is hereby declared and especially provided by the Legislature of the State of Texas enacting this legislation that notwithstanding the provisions of Sections 10, 11 and 12, or any other sections of this Act, it is the legislative intent that no provision of this Act shall in any manner, affect, alter, diminish or amend any provision of the anti-trust and/or monopoly statutes of this State, or in any manner authorize a violation of such anti-trust and/or monopoly statutes; and it is further especially provided that if any provision of this Act shall be so construed by any court of this State as to in any manner affect, alter, diminish, or modify any provision of the anti-trust and/or monopoly statutes of this State, then in that event any such section, subsection, sentence or clause or any provision of this Act so construed as conflicting with said monopoly and/or anti-trust statutes, it is hereby declared null and void rather than the anti-trust and/or monopoly statutes of this State. The legislative intent herein expressed is to prevail and take precedence over the provisions of Sections 10, 11 and 12, or any other section or sections of this Act, regardless of any statement therein to the contrary."

4. Articles 6008, 6029, 6042, 6049c, V.A.T.S.; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939); Thompson v. Consolidated Gas Utilities Corp., 300 U.S. 55, 57 S.Ct. 364, 81 L. Ed. 510 (1937).

of Travis County, Texas.[5] However, the Railroad Commission is not a court and does not have jurisdiction to entertain and determine many matters which are within the jurisdiction of district courts, including a suit for damages brought under the anti-trust laws of Texas.[6] Under the allegations of appellants' petition this is not a suit to test the validity of an order of the Railroad Commission, even though one phase of the case involves the alleged conduct of appellees in making false nominations to said commission as a part of the conspiracy, scheme and antitrust violations. Regardless of the outcome of this suit the orders of the Railroad Commission will remain unaffected.

The parties hereto are also involved in another case styled Woods Exploration & Producing Company, Inc. et al. v. Aluminum Company of America et al., Civil Action No. 14,699, 36 F.R.D. 107, in the United States District Court for the Southern District of Texas, Houston Division, which arises out of the same fact situation as is presented here but is brought under federal antitrust statutes, particularly the Clayton Act (15 U.S.C.A. §§ 15, 26), which case will hereafter be referred to as the "Houston federal court case." In passing upon a motion to dismiss filed by defendants (appellees here) in that case, based upon substantially the same grounds as are here urged under appellees points 2 and 4, Judge Ingraham, in an opinion dated August 2, 1963, 36 F.R.D. 111, said:

"The defendants, in urging that this court is without jurisdiction, misconstrue the gravamen of the plaintiffs' complaint. It is urged that plaintiffs are attacking the validity of an order of the Texas Railroad Commission and that this may be done only in accordance with Section 8 of Article 6049c, Vernon's Annotated Texas Statutes. The plaintiffs, however, are attacking a conspiracy under the anti-trust laws, and are alleging that one of the manifestations of the conspiracy is the submission of false nominations to the Railroad Commission. The relief prayed for does not in any way challenge the validity of an order of the Commission. Rather, this court is asked to enjoin both the conspiracy and the further submission of false nominations and to award damages for injury sustained as a result of the conspiracy. If, after trial, the conspiracy were established and relief were granted, any order of the Texas Railroad Commission would still stand. This is purely an anti-trust action * * *. Jurisdiction is well founded."

We believe the same reasoning is applicable in this case and that its nature and character require that it be tried by a district court in which it is properly filed and that the issues herein presented are not exclusively within the jurisdiction of the Railroad Commission or the district court of Travis County, Texas. We believe that the cases of Chenoweth v. Nordan & Morris, 171 S.W.2d 386 (Tex.Civ.App.1943, wr. ref. w. m.); Chenoweth v. Railroad Commission, 184 S.W.2d 711 (Tex.Civ.App.1945, wr. ref. w. m.); Deep South Oil Co. of Texas v. Texas Gas Corp., 328 S.W.2d 897 (Tex.Civ. App.1959, wr. ref. n. r. e.); or Superior Oil Co. v. El Paso Natural Gas Co., 377 S.W.2d 691 (Tex.Civ.App.1964), relied on by appellees, do not require a contrary holding. Appellants' points 2 and 4 are sustained and appellees' counterpoint I is overruled.

We will next consider appellants' point 5 concerning the alleged error of the trial

---

5. Article 6049c, Section 8, V.A.T.S.

6. Gregg v. Delhi-Taylor Oil Corp., 162 Tex. 26, 344 S.W.2d 411, 419 (1961); Delhi-Taylor v. Holmes, 162 Tex. 39, 344 S.W.2d 420 (1961); Magnolia Petroleum Co. v. Railroad Commission, 141 Tex. 96, 170 S.W.2d 189 (1943); Lone Star Gas Co. v. Murchison, 353 S.W.2d 870 (Tex.Civ.App.1962, wr. ref. n. r. e.); Looney v. Sun Oil Co., 170 S.W.2d 297 (Tex.Civ.App.1943, wr. ref. w. m.); Articles 7426–7429, V.A.T.S.

court in holding that it was without jurisdiction because of the pendency of a prior action in the district court of Travis County, Texas, in which, at the time of the trial court judgment herein, final judgment had been entered and appeal was pending (such findings appearing in paragraph 3 of the summary of the trial court findings hereinbefore set out), along with appellees' counterpoint II which is urged in support of such ruling. The Travis County case referred to was No. 121,595, in the 126th Judicial District Court, styled Aluminum Company of America, et al. v. Railroad Commission of Texas et al., which said case has been recently decided by the Supreme Court of Texas, as heretofore mentioned.

■ The Travis County case was filed under Section 8 of Art. 6049c, V.A.T.S., for the purpose of testing the validity of the order of the Railroad Commission, dated April 24, 1961, allocating the allowable production of oil and gas in the Appling field. In order for the Travis County case to constitute a proper ground for abatement of the Calhoun County case it must have involved the same subject matter or issues;[7] a judgment therein must have been res judicata of the issues in the Calhoun County case;[8] and the relief obtainable must have been the same.[9]

We have heretofore pointed out that the instant case is one for damages arising out of alleged violations of antitrust statutes, a conspiracy and anti-competitive scheme on the part of appellees. The pleas in abatement and to the jurisdiction herein did not meet the well established tests hereinabove mentioned. The record shows that the issues in the two cases are not the same and a judgment in the Travis County case would not be res judicata of those involved in this case. It is further apparent that appellants could not obtain all the relief in the Travis County case to which they might be entitled in the Calhoun County case.

■ Antitrust issues played no part in the decision of the Travis County case. The Austin Court of Civil Appeals approved the action of the trial court in sustaining special exceptions to allegations as to such matters made by Woods in that case, and specifically held " * * * the anti-trust Act has no bearing on the validity of the order before us." (368 S.W.2d 826). Such matter was not passed on by the Supreme Court when it reversed the decision of the Austin Court of Civil Appeals and upheld the Railroad Commission formula for the Appling field.

The trial court was in error in holding that it did not have jurisdiction of this case and in sustaining the plea in abatement because of the pendency of the Travis County suit. Appellants' point 5 is sustained and appellees' counterpoint II is overruled.

Appellees contend by their counterpoint III that nominations or other representations made by them to the Railroad Commission of Texas, whether individually or in concert, for the purpose of influencing the governmental action of such commission in fixing gas production allowables, as a matter of law, cannot constitute a violation of the Texas antitrust statutes or form the basis or subject matter of an antitrust damage action. This counterpoint is in reply to all of appellants' points.

Appellees place particular reliance upon the cases of Eastern Railroads Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464,

7. Elliott v. Joseph, 163 Tex. 71, 351 S.W. 2d 879 (1961); Looney v. Sun Oil Co., 170 S.W.2d 297 (Tex.Civ.App.1943, wr. ref. w. m.); Peurifoy v. Davis, 101 S.W. 2d 625 (Tex.Civ.App.1937, wr. dism.); 1 Tex.Jur.2d, Abatement & Revival, Sec. 31, pp. 53–54.

8. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926); Northwest Engineering Co. v. Chadwick Machinery Co., 93 S.W. 2d 1223 (Tex.Civ.App.1936, wr. dism.).

9. McCall v. Owens, 68 S.W.2d 1089 (Tex. Civ.App.1934, wr. ref., opinion per Alexander, J.); 1 Tex.Jur.2d, Abatement and Revival, Sec. 35, pages 59–60).

and Okefenokee Rural Electric Membership Corp. v. Florida Power & Light Co., et al., 214 F.2d 413 (5 Cir. 1954). We do not believe that the said cases require us to reach the conclusion urged by appellee. Instead, we believe that this case falls within the rules announced in the cases of Pan American Petroleum Corp. v. Hardy, 370 S.W.2d 904 (Tex.Civ.App.1963, wr. ref. n. r. e.); Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962); and Woods Exploration and Producing Company, Inc. v. Aluminum Company of America, Civil Action No. 14,699, 36 F.R.D. 107, United States District Court, Southern District of Texas, decided August 2, 1963, opinion by Judge Ingraham, heretofore mentioned.

In Pan American Petroleum Corp. v. Hardy, supra, the court held that the defendant-lessee was not as a matter of law entitled to rely upon a single reservoir classification which had been made by the Railroad Commission as a result of said defendant's wilfully false representations, and that said defendant would not be allowed to benefit from its own wrong doing. That case, in effect, holds that a party who by false representations and concealment of material facts causes the Railroad Commission to make an erroneous classification cannot rely upon and benefit from the same, and that parties injured by such wrongful conduct may recover actual and exemplary damages upon a proper showing.

In Continental Ore Company v. Union Carbide and Carbon Company, supra, the Supreme Court of the United States distinguished the Noerr case, and held, in substance, that even though some of the acts in furtherance of a conspiracy involve a governmental agency, this would not insulate the wrongdoers from responsibility and liability to injured persons. The court pointed out, at 370 U.S. 707, at 82 S.Ct. 1414, that:

" * * * it is well settled that acts which are in themselves legal lose that character when they become constituent elements of an unlawful scheme. Swift & Co. v. United States, 196 U.S. 375, 396, 25 S.Ct. 276, 279, 49 L.Ed. 518; American Tobacco Co. v. United States, 328 U.S. 781, 809, 66 S.Ct. 1125, 1138, 90 L.Ed. 1575; Steele v. Bulova Watch Co., 344 U.S. 280, 287, 73 S.Ct. 252, 256, 97 L.Ed. 252. See Georgia v. Pennsylvania R. Co., 324 U.S. 439, 457–458, 65 S.Ct. 716, 726, 89 L.Ed. 1051; Slick Airways v. American Airlines, 107 F.Supp. 199, 207 (D.C.N.J.)."

■ In the Houston federal court case, appellees urged the same contention as is presented here by their counterpoint III concerning the alleged insufficiency of false nominations to constitute a basis for an antitrust action in federal court. Judge Ingraham pointed out in his opinion that the case of Eastern Railroads Presidents Conference v. Noerr, supra, involved political activity outside the ban of the Sherman Act and that the case before the court at Houston involved business behavior. Judge Ingraham further held that even if it were assumed that submission of false nominations were political in nature and not within the ambit of antitrust legislation this would not be sufficient to dismiss the complaint because of other alleged activities which were commercial or economic in nature.[10] We agree with such reasoning and believe it is equally applicable to the case now presented to this court.

The trial court erred in sustaining appellees' plea to the jurisdiction and in abate-

10. In the Houston federal court case appellants (defendants there) contended that they had alleged a cause of action based upon conspiracy, combination and antitrust violations without reference to false nominations or the allowables by the Railroad Commission, and that they were entitled to also rely upon such other allegations. Examination of appellants petition in this case shows that such other allegations are also here relied upon by appellants, who say that they stand ready to prove the same.

**350**

ment on account of the reasons included in appellees counterpoint III. We overrule the same.

 Appellees' counterpoint IV is, in substance, that appellants, as a matter of law, have sustained no injury or damage to constitute the basis of recovery in an attempted antitrust damage suit because it has been finally adjudicated that the one-third—two-thirds formula under which appellants have been granted their gas production allowables is discriminatory in favor of the appellants as small tract owners and confiscatory as to the appellees as large tract owners and has unlawfully permitted appellants to expropriate appellees' gas and convert and appropriate it to appellants' own use. This counterpoint is also in reply to all of appellants' points.

Appellees' said counterpoint IV was urged in its brief in this Court after Railroad Commission of Texas v. Aluminum Company of America, 368 S.W.2d 818, had been decided by the Austin Court of Civil Appeals and before application for writ of error had been granted by the Supreme Court of Texas in said case. It is now apparent that appellees' said contention is based upon an incorrect premise since the Supreme Court of Texas has reversed the decision of the Austin Court of Civil Appeals, and has held that the Railroad Commission formula for the Appling field is valid.

We are unable to say, in the state of the record herein, that appellants cannot show injury or damage as a matter of law. Such questions should be left for determination by the trier of the facts when the case is heard on the merits in the court below. Appellants' counterpoint IV is overruled.

Appellants' point 6 concerning judicial estoppel becomes immaterial in view of the foregoing discussion.

It follows from the above rulings that the trial court erred in sustaining appellees' pleas to the jurisdiction and in abatement, in dismissing this case, and in refusing to hold

that the district court of Calhoun County had jurisdiction thereof, as appellants contend in their points 1 and 3. Such points are sustained.

The judgment of the trial court is reversed and the cause is remanded for trial.