**Robert S. ROWLAND, Appellant,**

v.

**Dempsey J. PRAPPAS, Appellee.**

**No. 16018.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 1, 1973.

Rehearing Denied Feb. 22, 1973.

---

Vickery & McConnell, Charles R. Vickery, Jr., Houston, for appellant.

Prappas, Caldwell & Moncure, Roger T. Yokubaitis, Houston, for appellee.

This is an appeal from a summary judgment. Appellant contends that the trial court erred in overruling a plea in abatement based on the pendency of a prior suit involving the same cause of action. The judgment of the County Court is affirmed.

Appellee filed this suit in a County Court at Law in Harris County on April 11, 1972, seeking judgment on a promissory note for the balance due, interest and attorney fees. Appellant's answer included a plea in abatement asserting that the case should be dismissed for want of jurisdiction, or, in the alternative, abated pending the disposition of a prior suit filed by him on March 2, 1972, in the District Court of Harris County against Dempsey J. Prappas, C. Ernest Caldwell, and John L. Moncure, individually and doing business as Knight, Prappas, Caldwell and Moncure, a partnership. In the District Court case appellant alleged that he had previously withdrawn from the partnership, thereby dissolving it, and that $14,987.52 was due him from the partnership. He asked for an accounting and for judgment for $14,987.52 and such other sums as he might be entitled to in equity or at law. He included the following paragraph in his petition:

"The defendant, Dempsey J. Prappas, is entitled to an offset in the amount of $3,814.52 by reason of the unpaid balance on a promissory note of plaintiff to such defendant dated March 22, 1968, and which at the time of the filing of this petition there is due and unpaid the sum of $3,814.52; plaintiff offers to do equity and to offset such amount as an offset or credit against such sums as are

due and owing plaintiff by the defendant, Dempsey J. Prappas."

Subject to the plea in abatement, appellant filed in the County Court case a general denial and a counterclaim based on the partnership indebtedness forming the basis of the district court case. Appellee then filed his motion for summary judgment in the county court.

The county court entered judgment overruling the plea in abatement, finding that appellant's counterclaim was improperly joined in the suit and ordering it severed, and granting appellee judgment for the balance due on the note, $3,833.24, plus interest and attorney's fees.

Appellant asserts that the trial court erred in overruling his plea in abatement because of the pendency of the prior district court suit between the same parties involving the same note. He asserts that since the district court first acquired jurisdiction, the county court had no jurisdiction of the cause of action, citing Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926). He urges that the jurisdiction of the district court attached to appellee's right to recover on the note and to appellant's right to set-off other debts of appellee against the note.

The holding of the Supreme Court in Cleveland v. Ward, supra, is briefly summarized in the following quotation:

"Since the Johnson county court is a court of competent jurisdiction, and first acquired jurisdiction of this controversy, has all the necessary parties before it, and is entitled to proceed to judgment, and since it is evident that all questions necessarily or properly involved will be settled in that case, and that its judgment will be res adjudicata as against any judgment the Dallas county court might render, it follows that the Dallas county case is abated by the Johnson county suit . . ."

Rule 97(b), Texas Rules of Civil Procedure, provides that a pleading may state as a counterclaim any claim against an opposing party whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. Rule 97(a), T.R.C.P., provides that "A pleading shall state as a counterclaim any claim within the jurisdiction of the court . . . which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ."

■ The note in question did not arise out of the transaction or occurrence that was the subject matter of appellant's claim. In the district court case appellant alleged the joint and several liability of appellee and others in an amount beyond the jurisdictional limits of the county court. Appellee's claim against appellant on the note was not one he was required to assert as a counterclaim in the district court under 97(a), but was one he might have asserted under 97(b). He did not choose to plead the note as a permissive counterclaim. Appellant's pleading in the district court raised no issue as to the validity of the note. He admitted that the balance of $3,814.52 was due and unpaid. The matter of the liability of appellant for interest and attorney's fees was not raised by the pleadings. He did not seek to enjoin the collection of the note on equitable grounds. Appellant cannot require appellee to assert a setoff or counterclaim. No issue with reference to the note was raised by the pleadings in the district court. Blankenship v. Citizens State Bank, Slaton, Texas, 457 S.W.2d 120 (Tex.Civ.App.—Eastland 1970, err. ref. n. r. e.); A. B. Lewis Company v. Robinson, 339 S.W.2d 731 (Tex.Civ.App. 1960); Woods Exploration & Producing Company v. Aluminum Co. of America, 382 S.W.2d 343 (Tex.Civ.App.—Corpus Christi 1964, err. ref. n. r. e.).

■ An action may not be abated even though there is a prior action pending between the same parties in which the plaintiff might, by a cross-action or coun-

terclaim, obtain against the defendant the relief which he seeks in the second suit. Before abatement is proper it must appear that the cause or causes of action and the issues involved are substantially the same in the two suits. Blume v. J. I. Case Threshing Machine Co., 225 S.W. 831 (Tex.Civ.App.—Beaumont 1920, err. ref.); Business Men's Oil Co. v. Priddy, 250 S. W. 156 (Tex.Com.App., Sec. A, 1923 judgment adopted).

Affirmed.