Gladys Dobson **MAYATT**, Appellant,

v.

Howard R. **NORTHAM** et al., Appellees.

No. 13359.

Court of Civil Appeals of Texas.

Houston.

Oct. 30, 1958.

———◆———

James E. Faulkner, Coldspring, for appellant.

Jos. W. Cash and Jesse A. Pardue, Houston, for appellees.

BELL, Chief Justice.

Gladys Dobson filed suit against H. F. Walston, Howard R. Northam and C. V. Kern, Sheriff of Harris County, seeking a temporary restraining order, temporary and permanent injunctions, to restrain the sale under execution of certain real estate belonging to the plaintiff. The basis of the suit to enjoin such sale is the alleged invalidity of the personal judgment rendered against plaintiff in Cause No. 379,482 on February 24, 1958. The judgment is alleged to be void because the original petition in that suit sought no specific relief against the plaintiff here who was one of the defendants there. However, an amended petition was filed in that suit seeking for the first time a personal judgment against the plaintiff here. She alleges she was never served with citation on the amended petition and filed no answer, and the judgment rendered by default against her is void. By the petition in this case, in addition to seeking injunctive relief, she seeks a judgment setting aside the judgment and declaring such judgment null and void. The petition is lengthy, but we deem it unnecessary to notice the details of the pleading because they are not material to the disposition of this appeal.

A temporary restraining order issued and the cause was set for hearing on the application for temporary injunction. The trial court at the time set for the hearing on the application for a temporary injunction determined that the plaintiff was not entitled to a temporary injunction because the application was not properly sworn to. The court stated, so the judgment reflects, that he would grant the temporary injunction if a properly verified application were filed by amendment and a bond of $10,000 were posted. The plaintiff not filing any such amended pleading, the court rendered judgment that the "application for temporary judgment should be and is hereby denied and dismissed with prejudice * * *."

Appellees have filed in this court a motion to dismiss the appeal as the property the sale of which was sought to be enjoined has been sold and therefore the matter has become moot. Appellant has filed an answer to the motion to dismiss, asserting the matter has not become moot because in the petition filed there was also a judgment sought to set aside the judgment in Cause No. 379,483 and a declaration that such judgment was void.

The only action taken by the trial court in this cause related to appellant's application for a temporary injunction. The

trial court denied the injunction and stated the application for temporary injunction was dismissed with prejudice. We interpret the judgment to do no more than to deny the temporary injunction. This is all he could do because the judgment shows that the hearing was only on a temporary injunction. The portion of the judgment dismissing the application for temporary injunction is nothing more in legal effect than a refusal to hear the application on its merits because it was not properly verified. The cause itself was not dismissed.

This appeal is from the order denying the temporary injunction.

There is no disagreement concerning the fact that the sale sought to be enjoined has been made. This makes the subject matter of this appeal moot. The case remains in the trial court for trial on the merits concerning the validity of the judgment.

The appeal is dismissed.