Iris Lynn WAGNER, a Widow, et al., Appellants,

v.

Robert N. PULLIAM et ux., Appellees.

No. 3730.

Court of Civil Appeals of Texas.

Eastland.

Sept. 21, 1962.

Sorrell, Stone & Waller, Atlee McCampbell, Corpus Christi, for appellants.

Liddell, Austin, Dawson & Sapp, Houston, for appellees.

COLLINGS, Justice.

This is a plea of privilege case. Four of the children of Mrs. Maude E. McKamey, deceased, Iris Lynn Wagner, a widow, Maida Mauryne Wiese, joined by her husband, Riva May Corbin, joined by her husband, and Glenn E. McKamey brought suit in the District Court of Victoria County against Robert N. Pulliam and his wife, Lurline M. Pulliam, also a daughter of Mrs. McKamey. Plaintiffs sought to set aside a deed from Mrs. McKamey to the defendants conveying an undivided interest in land located in Victoria County. The defendants filed a plea of privilege to be sued in the District Court of Brewster County, the place of their residence. Plaintiffs filed a controverting affidavit alleging that they were entitled to maintain venue in Victoria County under exception 14 to Article 1995, Vernon's Ann. Texas Civ.St. They alleged that their suit was for the purpose of setting aside and holding for naught the deed from Maude E. McKamey to the defendants obtained about two weeks before Mrs. McKamey's death, and to vest in plaintiffs title to the land described in said deed. It was stipulated that the land described in plaintiffs' petition is located in Victoria County. Plaintiffs' peti-

tion was admitted in evidence for the limited purpose of showing the nature of the suit. The court sustained defendants' plea of privilege and ordered the case transferred to Brewster County. Iris Lynn Wagner and other plaintiffs have appealed.

The question on this appeal is whether the nature of the suit brought by plaintiffs comes within the provisions of Subdivision 14 of the Venue Statute. In such cases venue is ordinarily determined by the principal right asserted in the plaintiffs' petition and the relief sought for the breach thereof, 43-B Tex.Jur. 113, Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706.

It is alleged in plaintiffs' petition that they, their mother and Mrs. Pulliam were owners of specified undivided interests in approximately 1358 acres of land situated in Victoria County. Plaintiffs alleged the respective proportions which they and defendant, Mrs. Pulliam, owned in such land prior to the execution of the deed in question and sought to enforce specific performance of a buy-sell agreement between the parties, a copy of which was set out as an Exhibit to plaintiffs' petition. They alleged that under such agreement any disposition of a party's interest was required to be made to the remaining owners in the same proportion as their then ownership. In connection with this theory of recovery plaintiffs did not allege present ownership of any part of the 15/110th interest which Mrs. McKamey conveyed to the Pulliams. It is such 15/110th interest only that is the subject matter of this suit. After alleging the respective ownerships of themselves, Mrs. McKamey and Mrs. Pulliam, appellants then alleged that the ownership of each of such owners was subject to all the terms of the above mentioned contract; that under its terms any disposition of a party's interest in said land was required to be made to the remaining owners in proportion to their respective ownership, that although the deed of March 13, 1961 from Mrs. McKamey to the Pulliams had been executed, delivered and filed for record in Victoria County, the Pulliams were not entitled to such 15/110th interest because under the terms of the contract defendant Lurline Pulliam was entitled to purchase only an undivided 3/95ths of her mother's interest; that the deed should therefore be set aside because it was contrary to the terms of the contract, of which the Pulliams had full knowledge. Plaintiffs alleged that they were ready, willing and able to purchase their prorata part of the interest conveyed by Mrs. McKamey to the Pulliams. Plaintiffs alleged that the deed was obtained at a time when Mrs. McKamey did not have the mental capacity to execute a deed, and was obtained by means of fraud and undue influence; that the consideration provided and paid for the interest of Mrs. McKamey was wholly insufficient and thereby evidenced such fraud and undue influence.

Appellants concede that if this suit is purely one for a specific performance then Subdivision 14 of Article 1995 does not apply. They contend, however, that the petition and the exhibit attached show that the dominant and principal relief sought by them is to set aside and cancel the deed from Mrs. McKamey to the Pulliams and therefore involves the title to land. They urge that even if the buy-sell provision of the contract between the parties were ignored and Mrs. McKamey had died without executing the deed or if the deed should be declared void for any of the reasons alleged in plaintiffs' petition then her 15/110th interest would have passed in accordance with the provisions of the contract providing for the proportional succession to the interest in the event of the death of a party. We cannot agree with this contention. The proportional succession provision of the contract in case of death of a partner simply involved a specific application of the buy-sell agreement.

Appellants' cause of action against the Pulliams under these allegations and theory of recovery as shown by their petition is primarily for specific performance

of the Buy-Sell provision of the contract. In this connection appellants did seek to have the deed from Mrs. McKamey to the Pulliams set aside and disregarded, but the pleadings indicate that this relief was sought by appellants on the theory that the deed was an impediment to their right to specific performance and enforcement of the contract. The nature of appellants' suit as so shown by these allegations does not come within the provisions of Subdivision 14 of the Venue Statute. The principal relief sought was specific performance or enforcement of the contract and this is insufficient to sustain venue in a county other than that of the residence of the defendant. Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Batex Oil Company v. La Brisa Land & Cattle Company, Tex.Civ.App., 352 S.W. 2d 769 (Writ Dis.); O'Quinn v. Dunagan, Tex.Civ.App., 227 S.W.2d 366.

Appellants' petition also urged an alternative basis or theory of recovery. Based upon their allegations of fraud they sought to set aside the deed to the Pulliams alleging that even in the absence of the deed in question, upon the death of Mrs. McKamey, each of the appellants and the appellee Mrs. Pulliam, under the terms of the joint and mutual will of Mrs. McKamey and her deceased husband and under the terms of the will of Mrs. McKamey, became vested with an undivided 1/5th interest in and to the interest of the said Mrs. Mc-Kamey in said land which is the land here in controversy. Appellants' alternative plea sought judgment of the court setting aside the deed in question and vesting title to the interest of Mrs. McKamey 1/5th in each of appellants and the appellee, Mrs. Pulliam, subject only to the administration upon the estate of Mrs. McKamey.

▪ Appellants had the right to allege alternative pleas as a basis of recovery. If any of such pleas allege a cause of action coming under the provisions of Subdivision 14, then venue would be properly laid in Victoria County. Stephenville Production Credit Ass'n v. Rockwell, Tex.Civ.

App., 250 S.W.2d 476; Joy v. Joy, Tex.Civ. App., 254 S.W.2d 810; Cox v. Chapa, Tex. Civ.App., 188 S.W.2d 217. Allegations of fact showing that they were present legal or equitable owners of the land would have entitled them to maintain a suit for cancellation of the deed. O'Quinn v. Dunagan, Tex.Civ.App., 227 S.W.2d 366. Appellants did not, however, allege facts showing that they were entitled to assert such a claim. They did not allege that either of the wills mentioned in their petition had been duly probated. They alleged no facts showing that they were devisees and that as such they were entitled to assert a claim for cancellation of the deed. In 41–A Tex.Jur. page 575, it is stated that:

> "Where the petition alleges facts which are sufficient to support an action for specific performance, but fails to state a case of trespass to try title, the question of venue is to be determined as though the sole object of the proceeding were specific performance."

▪ Rule 783, Vernon's Texas Rules of Civil Procedure, sets out the requisites of a petition in trespass to try title. A formal petition which substantially follows the provisions of the rule is sufficient even though the allegations may be fictitious. Where a plaintiff complies with the requirements of the rule he is not required to allege facts which show his right to recover. Concerning ownership of the land in question a plaintiff in a formal petition is only required to allege the interest which he claims in the premises, whether it be a fee simple or other estate.

▪ A plaintiff in trespass to try title may elect to specially plead his title but if he does so his petition "must be tested as to its sufficiency by the title specifically pleaded." 41–A Tex.Jur. page 608; Paul v. Houston Oil Company, Tex.Civ.App., 211 S.W.2d 345 (Ref. N.R.E.).

In the instant case appellants' pleadings do not reflect a formal petition in trespass to try title and a general allegation of own-

ership. In their alternative plea for cancellation of the deed appellants specially plead their title. They alleged that they were each owners of a ⅕th interest in the land in dispute as devisees of Mrs. McKamey and as devisees sought to have the deed set aside. As heretofore pointed out, however, appellants did not allege facts showing that they held title to the land as devisees and were therefore entitled to assert a claim for cancellation of the deed. Pure Oil Company v. Tunnell, 126 Tex. 57, 86 S.W.2d 207; Youngs v. Youngs (Tex. Com.App.), 26 S.W.2d 191; Dutchover v. Dutchover, Tex.Civ.App., 334 S.W.2d 569.

For the reasons stated the plea of privilege was properly sustained. The judgment is affirmed.