George W. PRINCE et al., Appellants,

v.

NORTH STATE BANK et al., Appellees.

No. 7787.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 26, 1968.

John R. Gillham and W. T. Link, Clarendon, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris and James H. Doores, Amarillo, for appellees.

CHAPMAN, Justice.

This suit was filed by George W. Prince and wife, Jesse Jean Prince, appellants, against North State Bank of Amarillo, a state banking corporation, and T. W. Rutledge, its President and Trustee in a deed of trust given to secure a note representing money borrowed by Prince from North State Bank. The action filed sought a restraining order and temporary and permanent injunction to restrain the sale under a deed of trust of certain real estate belonging to appellants. The basis of the suit to enjoin the sale was that the property representing the security was a homestead. A temporary restraining order was issued and the cause set for hearing on the application for temporary injunction. At such hearing the restraining order was dissolved. Subsequent thereto notices were posted and after due and legal time had elapsed T. W. Rutledge as Trustee sold the property on July 4, 1967 and a Trustee's Deed was properly executed on the same day.

By appeal to this court from the order of the trial court dissolving the temporary injunction, appellants seek to litigate the homestead question and have the case reversed and rendered under such contention.

The only action taken by the trial court related to appellants' application for a temporary injunction. The court dissolved it with the statement, in effect, that the parties would have to go to court to determine the fact question of a homestead, the suit having originated as an equitable proceeding seeking extraordinary relief of injunction.

This appeal is simply from an order denying temporary injunction. It is uncontroverted that the sale sought to be enjoined has already taken place. The subject matter of this appeal is, therefore, moot. Mayatt v. Northam, 317 S.W.2d 592 (Tex.Civ.App.—Houston, 1958, no writ); Panos v. Foley Bros. Dry Goods Co., 198 S.W.2d 494 (Tex.Civ.App.—Galveston, 1946, no writ). We express no opinion upon the question of homestead, to be tried on its merits.

By supplemental brief appellants urge City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709 (1931); and Dawson v. First National Bank of Troup, 417 S.W.2d 652 (Tex.Civ.App.—Tyler, 1967) as authorities for reversal and rendition. Those cases are easily distinguishable from the instant case.

The latter citation was an original proceeding brought in the Court of Civil Ap-

peals. The court enjoined the sale of the land pending the disposition by the court of the merits of the appeal pending in that court. The land in question there had not been sold and the Tyler Intermediate Court issued the injunction to protect its jurisdiction.

The former case by the Supreme Court, City of Dallas v. Wright, supra, was one in which the general jurisdiction of the trial court had been invoked by Wright and others to determine the validity of improvements assessments by the City of Dallas against property owned by Wright and others. The suit was filed under Art. 1219, Vernon's Ann.Revised Civil Statutes, 1925, within the 10-day period provided therein, asking that the proceedings be set aside for errors alleged and for validity in the proceedings; claiming, inter alia, that their property received no benefits from the improvements and alleging certain other infirmities not apparent upon the record of the tax levy. They also alleged that the City was endeavoring to sell and assign the tax certificate, and that the whole proceedings and the sale of such certificate would constitute a cloud upon the title to their real estate.

Art. 1219 under which that suit was brought provides in part as follows:

"Any property owner against whom or whose property an assessment or reassessment has been made, may, within ten days thereafter bring suit to set aside or correct the same, or any proceeding with reference thereto on account of any error or invalidity therein, * * *."

The Supreme Court held that where a case is brought under the terms of such article, and the power of the district court thereby invoked, then the full power of the court, including its equity power under the general principles of equity might be resorted to in order to administer justice between the parties.

The property here sought to be enjoined from sale under equitable proceedings having already been sold, the only question now before us is moot.

The appeal is dismissed.