**George S. McCONNELL et ux., Appellants,**

v.

**FLYNN INVESTMENT COMPANY et al.,**
**Appellees.**

No. 6198.

Court of Civil Appeals of Texas,
El Paso.

March 29, 1972.

Royce A. Oxford, Sierra Blanca, Collins, Langford & Pine, John A. Langford, Odell S. Holmes, Jr., El Paso, for appellants.

Newman & Newman, William C. Newman, El Paso, Owens & Fortney, Walter S. Fortney, Fort Worth, for appellees.

OPINION

PRESLAR, Justice.

This suit was brought by George S. McConnell and wife, Faye E. McConnell, to enjoin Appellees, Flynn Investment Company, Rio Grande Building and Loan Association and W. H. O'Donnell, from exercising a power of sale under a Deed of Trust as to a 200 acre portion of the property in the Deed of Trust, alleged to be their homestead. The trial Court had granted a temporary injunction, but on this trial for a permanent injunction, the Court found there existed valid liens against the property claimed as a homestead, and that the Plaintiffs-Appellants were estopped as to their homestead claim. Judgment was entered that the Plaintiffs take nothing against the Defendants, and the temporary injunction was dissolved. We are of the opinion that the controversy has become moot, and therefore the appeal should be dismissed.

Appellants' cause of action was for injunctive relief only. They asked the Court to halt the pending sale of their property and to permanently enjoin such sale. As noted, the Court granted a temporary injunction pending the final hearing and termination of the cause or further order of the Court, and on that final hearing it specifically dissolved the temporary injunction. Although the matter was tried to the Court without a jury, the Appellants filed a motion for new trial, which was overruled. Following the final judgment, and while the motion for new trial was pending, there was foreclosure sale of the property under the Deed of Trust. This renders moot the question of whether or not Appellees should be enjoined from conducting such sale. The act sought to be prevented has already occurred. It was not wrongfully done, rather it was done when the right to do it existed. When the

Court rendered its final judgment dissolving the temporary injunction, all restraint ended and the Appellees were free to proceed with the sale. Appellants urge that we should set aside the sale because they had a motion for new trial pending and the judgment had not become final. No authority is cited for this type of relief at this stage of the proceedings, and we are aware of none. The trial Court could have stayed the sale pending a hearing on the motion for new trial and during the time of appeal, or this Court could have been called upon to enjoin the sale pending appeal to preserve our jurisdiction. None of these things were done, and the judgment removing all restraint is final. We are of the opinion that the cause is moot and that it is the duty of this Court to dismiss the appeal. As was said in Texas Alcoholic Beverage Commission v. Carlin, 468 S.W.2d 521 (Tex.Civ.App. Beaumont, 1971, affirmed 15 Tex.Sp.Ct. Journal 216, Mar. 1, 1972):

"Courts do not decide cases when no actual controversy between the parties exists at the time of the hearing. We quote the language found in City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, 639 (1939), wherein our Supreme Court was quoting from another case:

" 'This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject-matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain.' "

The controversy that gave rise to this suit, i. e., the dispute over preventing the sale, has become an academic question. The appeal is dismissed.