**CITY OF WICHITA FALLS,**
Appellant,

v.

**STATE of Texas ex rel. Richard VOGTSBERGER, Appellee.**

No. 17503.

Court of Civil Appeals of Texas,
Fort Worth.

May 3, 1974.

H. P. Hodge, Jr., City Atty., Wichita Falls, for appellant.

Paul Wylie, Archer City, and Douthitt & Mitchell, and Frank J. Douthitt, Henrietta, for appellee.

OPINION

BREWSTER, Justice.

The trial court overruled the plea of privilege of the City of Wichita Falls seeking to have this case transferred to Wichita County for trial and the City is here appealing from that decree.

The State of Texas, plaintiff, by and through the County Attorney of Archer

County, Texas, at the relation of Richard Vogtsberger, filed this suit in the District Court of Archer County against the City of Wichita Falls. It was a quo warranto action and in the petition the plaintiff alleged that the defendant, City of Wichita Falls, was a resident of Wichita County, Texas.

The plaintiff's petition alleged in substance that the City of Wichita Falls enacted two annexation ordinances, No. 2756 and No. 2780, and that each of said annexation ordinances are illegal and void for the many reasons therein specified; and that the land annexed lay partly in Wichita County and partly in Archer County. It was further therein alleged that the expansion of the extraterritorial jurisdiction of the City by Ordinance No. 2756 amounted to a preemption of the entire area in which the extraterritorial jurisdiction is expanded and amounts to a taking of property without due process and therefore constitutes a cloud on the title to the real estate in the extraterritorial jurisdiction.

The plaintiff's prayer stated: "PREMISES CONSIDERED, Petitioner prays . . . that upon final hearing this Court declare Ordinance 2756 and Ordinance 2780, enacted by the City of Wichita Falls, void as a matter of law; and for such other and further relief . . . . "

In the controverting plea filed by the State of Texas, the plaintiff herein, it is alleged that the allegations in plaintiff's petition show that the suit is one to remove a cloud on the title of land owned by the relator Vogtsberger in Archer County, and that venue was therefore maintainable in Archer County under Art. 1995, Subd. 14, Vernon's Ann.Civ.St.

The matter was tried on a stipulation wherein the parties agreed that the City of Wichita Falls had a population of between 50,000 and 100,000, and thus had an extraterritorial jurisdiction of 3.5 miles; that the territory annexed by Ordinance 2756 is partly located in Archer County and the strip annexed crosses the land of the rela-

tor, Vogtsberger, which land is located in Archer County, and that if the Ordinance is valid it extends the extraterritorial jurisdiction of Wichita Falls 3.5 miles in all directions from the boundaries of the tracts annexed.

■ The City's one point of error is that the trial court erred in overruling its plea of privilege and in holding that the suit could be kept in Archer County under Subd. 14, Art. 1995, V.A.C.S., on the theory that it is a suit to remove an incumbrance from the title to land.

We sustain this point and reverse and render the decree appealed from.

Whether venue is sustainable under Subd. 14, Art. 1995, V.A.C.S., in a county other than where the defendant resides, depends on the nature and character of the cause of action alleged. In determining the nature of the cause of action alleged the court must consider the petition as a whole, and from it determine the principal right asserted therein and the nature of the relief that is therein sought. See O'Quinn v. Dunagan, 227 S.W.2d 366 (El Paso, Tex.Civ.App., 1949, no writ hist.); Traweek v. Ake, 280 S.W.2d 297 (El Paso, Tex.Civ.App., 1955, no writ hist.); and Strain v. Neal, 312 S.W.2d 713 (El Paso, Tex.Civ.App., 1958, no writ hist.).

The Supreme Court in Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706 (1957) has stated the rule as follows: "Where the venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof."

Our examination of the petition in this case leads us to the conclusion that the principal right asserted therein by the plaintiff, the State of Texas, is that the annexation ordinances being attacked are void and the relief sought therein by such plaintiff is a judgment declaring the two annexation ordinances to be void.

Since this is true, venue in this case is not controlled by Subd. 14, Art. 1995, V.A. C.S., as was determined by the trial court. In this case venue would be determined by the general venue statute.

The fact that a decree declaring the annexation ordinances to be void would, as an incident thereto, have the effect of removing all burdens that would be imposed on such lands being annexed by reason of being taken into the City does not alter the situation. This is true because it is the principal right asserted in the petition and the relief sought therein for the breach of such right that controls.

The case of City of Grand Prairie v. State, 266 S.W.2d 184 (Fort Worth, Tex. Civ.App., 1954, no writ hist.) is very similar to this one and we are convinced that the holding there controls our decision in this case. That was a quo warranto action filed by the State of Texas, at the relation of one Crouch, in a District Court of Tarrant County against the City of Grand Prairie, which was a resident of Dallas County. The petition alleged that an annexation ordinance of the City of Grand Prairie covered land owned by the relator, Crouch, that was located in Tarrant County. The petition alleged that the annexation ordinance was arbitrary and unreasonable and prayed that such ordinance be cancelled and annulled and prayed also for damages and an injunction. It was alleged that the City's action in passing the annexation ordinance purporting to annex relator's land resulted in damage to the relator's land that was located in Tarrant County. The trial court overruled Grand Prairie's plea of privilege. One contention being made by the plaintiff was that venue was maintainable in Tarrant County under Subd. 14, Art. 1995, because it was a suit to recover damages to land. This Court overruled that contention saying at page

187 of the opinion the following: "This is not such a suit for damages to land as may be maintained in the county where the land is situated, . . . ." And further speaking of plaintiff's suit attacking the City's annexation ordinance this Court said at page 188: ". . . we are only holding that if such actions of a city are to be questioned in a court, it must be in a court of the county where the city has its legal residence . . . ."

In addition to what we have said, since this case is a quo warranto action, the real plaintiff is the State of Texas. The primary purpose of a quo warranto action is to protect the interests of the public and not to enforce private rights. Town of De Kalb v. State, 71 S.W.2d 299 (Waco, Tex.Civ.App., 1934, no writ hist.); Staples v. State, 112 Tex. 61, 245 S.W. 639 (1922); and 47 Tex.Jur.2d 580–581, Quo Warranto, Sec. 15.

A look at plaintiff's petition reveals that this is a quo warranto action, it being therein recited that the trial court had jurisdiction of the case as is provided in Art. 6253, V.A.C.S. That statute is the one authorizing the bringing of quo warranto actions by the State.

The things we have referred to in the last two paragraphs above are factors that the court would take into consideration when reviewing the plaintiff's petition to determine what is the principal right asserted therein and the nature of the relief that is therein sought.

The trial court's order overruling the plea of privilege of the City of Wichita Falls is reversed and judgment is here rendered sustaining that plea of privilege and the case is here ordered to be transferred to a proper district court in Wichita County, Texas.