SOUTH PADRE DEVELOPMENT COMPANY, INC., et al., Appellants,

v.

TEXAS COMMERCE BANK NATIONAL ASSOCIATION et al., Appellees.

On appeal from the 107th District Court of Cameron County, Texas.

TEXAS COMMERCE BANK NATIONAL ASSOCIATION et al., Appellants,

v.

SOUTH PADRE DEVELOPMENT COMPANY, INC., et al., Appellees.

Nos. 1067, 1068.

Court of Civil Appeals of Texas, Corpus Christi.

June 17, 1976.

476

Rollins M. Koppel, Stiernberg, Skaggs & Koppel, Harlingen, for South Padre Development Co., Inc.

John C. Nabors, Liddell, Sapp, Zivley & Brown, Houston, for Texas Commerce Bank National Ass'n.

## OPINION

NYE, Chief Justice.

The two appeals involved in this case come from the denial of a temporary in-, junction and plea in abatement and from overruling a plea of privilege. The appellant Texas Commerce Bank National Association hereinafter called Bank is appealing from the trial court's order overruling its plea of privilege to be sued in Harris County, Texas, and from the denial of its plea in abatement. South Padre Development Company hereinafter called Development Co. is appealing from the trial court's order denying its application for temporary injunction. Since the two appeals involve the same parties, the same court, and some of the same facts, we are writing this one Opinion covering both appeals.

Most of the facts are undisputed. In June of 1974, the Bank made a real estate loan to Sams-Porter Corporation in the amount of $2.5 million dollars. This loan to Sams-Porter Corp. was in effect a loan to the Development Co., its parent corporation, for the purchase of Sams-Porter Corp. The principal assets of Sams-Porter Corp. were 1,700 acres of land in Cameron County, the stock in Cameron County Water Improvement District No. 17 and 1,500 acres of Class A water rights in Cameron County, Texas. The loan was secured by various deeds of trust and security agreements covering properties located in Cameron County, Texas, naming Lloyd T. Bolton, Trustee for the benefit of the Bank. In addition, the note to Sams-Porter Corp. was secured by the guarantee of its parent corporation, Development Co. Shortly after the loan was made, Sams-Porter Corp. was merged into Development Co. and Sams-Porter Corp. ceased its corporate existence. The obligation of Development Co. was due and payable to the Bank one year from date.

Development Co. arranged for a take-out commitment from the American General Life Insurance Company whereby the Insurance Co. would satisfy the Development Co.'s obligation to the Bank by converting the same into a long term note (10 years). However, litigation between the Development Co. and the Insurance Co. erupted causing the take-out commitment to go by the wayside leaving the Development Co.'s $2.5 million debt due on June 25, 1975, unpaid. This suit was brought in the 107th District Court of Cameron County, Texas, by the Development Co. against the Insurance Co. and various other defendants growing out of various business transactions unrelated to the loan made by the Bank to the Development Co.

On August 9, 1975, the Bank posted its notice of foreclosure sale on the property securing the Development Co.'s obligation to the Bank. Thereafter on August 28, 1975, the Bank instituted suit in the 164th District Court of Harris County, Texas, against the Development Co. and Sams-Porter Corp. on its indebtedness of $2,373,-942.70, plus interest and for attorneys' fees in the amount of $250,000.00. The suit also asked for foreclosure of the liens.

After the Bank had filed suit against the Development Co. and Sams-Porter Corp., the Development Co. filed its third amended original petition joining the Bank in the existing litigation in the 107th District Court of Cameron County, Texas. In this suit, the Development Co. alleged that a conspiracy existed between the Bank and Insurance Co. whereby it was alleged that they conspired to cause the Development Co. to default on its obligation. The suit sought injunctive relief against the Bank restraining them from conducting the purported sale of the property involved. The Judge of the 107th District Court, in an ex parte hearing, issued a temporary restraining order restraining the trustee and Bank

from foreclosing upon or selling the land and properties in question until a hearing on the temporary injunction could be had. On September 3, 1975, the Bank filed its plea of privilege and subject to such plea, filed its plea in abatement. The Bank in its plea in abatement alleged that its suit filed in Harris County against the Development Co. and Sams-Porter Corp. was filed prior to the Development Co.'s third amended original petition and because its suit involved essentially the same parties and debt as that before the Cameron District Court, the cause of action in the Cameron County District Court should be dismissed as to the Bank, or in the alternative, it should be abated until the prior action in the Harris County District Court was finally disposed of.

The Development Co. and other plaintiffs filed their controverting affidavits alleging that venue was proper in Cameron County because, among other things, their cause of action involves an alleged violation of the usury laws and that such laws provide for venue in Cameron County.

On October 2, 1975, the Judge of the Cameron County District Court denied the plaintiff's application for temporary injunction against the Bank and trustee because the court was without jurisdiction to issue a temporary injunction against a banking association because of the prohibition contained in 12 U.S.C., § 91. The court then held that venue over the action was mandatorily in Cameron County and that the previously filed suit by the Bank in Harris County District Court did not constitute a reason for abating this suit. The trial court overruled the Bank's plea of privilege, denied its plea in abatement and motion to dismiss and refused to issue a temporary injunction.

Following the court's ruling, the Bank held its sale on October 7, 1975, foreclosing its liens on the real property securing its indebtedness. The Development Co. and Bank are each appealing from the above judgment of the Cameron County District Court. The two appeals which were submitted at different times are considered in this Opinion.

With respect to the Development Co.'s appeal, it brings forward one point of error that being that the trial court erred in denying the Development Co. the right to be heard at a meaningful time and in a meaningful manner by finding that there was no jurisdiction to issue a temporary injunction against the Bank because of the prohibition in 12 U.S.C., § 91.[1]

The Bank now asserts here that the question of whether the trial court had jurisdiction vel non to temporarily enjoin the Bank from its foreclosure sale is now moot, since it is undisputed that the Bank has held its foreclosure sale, has foreclosed its liens securing the indebtedness and has taken possession of the property.

Since the sale was not wrongfully conducted, and there was no court order restraining the trustee or the Bank from conducting the sale, the Bank was free to proceed with the sale which now renders the Development Co.'s appeal from that portion of the trial court's order moot. *Service Finance Corporation v. Grote,* 133 Tex. 606, 131 S.W.2d 93 (Tex.Comm'n App. —1939, opinion adopted); *Prince v. North State Bank,* 425 S.W.2d 476 (Tex.Civ.App.— Amarillo 1968, no writ); *McConnell v.*

---

1. *"Transfers by bank and other acts in contemplation of insolvency*

All transfers of the notes, bonds, bills of exchange or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in con-

templation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; *and no attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court."* (Emphasis supplied.)

*Flynn Investment Company,* 480 S.W.2d 58 (Tex.Civ.App.—El Paso 1972, no writ); *Mayatt v. Northam,* 317 S.W.2d 592 (Tex. Civ.App.—Houston 1958, no writ).

■ A cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a then existing controversy. *Stephenson v. State,* 515 S.W.2d 362 (Tex.Civ.App.—Dallas 1974, writ dism'd); *McNeill v. Hubert,* 119 Tex. 18, 23 S.W.2d 331 (Tex.Comm'n App.—1930, opinion adopted). This Court cannot now prevent that which has already been done.

■ Courts do not decide cases when no actual controversy between the parties exists at the time of the hearing. As was said in *City Of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939):

". . . This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject-matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain."

See also *Texas Alcoholic Beverage Commission v. Carlin,* 468 S.W.2d 521 (Tex.Civ.App. —Beaumont 1971, aff'd 477 S.W.2d 271); *McConnell v. Flynn Investment Company, supra; Greene v. Greggs,* 520 S.W.2d 924 (Tex.Civ.App.—Tyler 1975, no writ).

We now turn to the appeal of the Bank in regard to the trial court's action in overruling its plea of privilege and denying its plea in abatement. The Bank in its first point of error contends that the trial court erred in overruling its plea of privilege because 12 U.S.C., § 94, prohibits a suit against a national bank outside of the county of its domicile unless that is the only forum available.

Section 94 of Chapter 2 entitled "Venue of Suits" provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The issue then is whether the venue provision of the above code is mandatory with respect to this suit.

■ It has been held that this provision of the code (12 U.S.C. § 94) is mandatory and is not permissive. A national bank can only be sued in the state, county, or municipal court in the county or city in which the association is located. *Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); *Michigan National Bank v. Robertson,* 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963). In this last case, the Supreme Court held that a suit for usury involving the sale of house trailers in Nebraska could not be brought in Nebraska against a national bank located in Michigan even though the contracts had been made and the acts complained of occurred in Nebraska. The suit could only be brought in the home office of the bank in Michigan. See also *Cope v. Anderson,* 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947); *Bruns, Nordeman & Co. v. American National Bank And Trust Company,* 394 F.2d 300 (2nd Cir. 1968), cert. denied, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968); *Klein v. Bower,* 421 F.2d 338 (2nd Cir. 1970); *First National Bank of Boston v. United States District Court For the Central District of California,* 468 F.2d 180 (9th Cir. 1972); *United States National Bank v. Hill,* 434 F.2d 1019 (9th Cir. 1970); *Fisher v. First National Bank of Omaha,* 338 F.Supp. 525 (S.D.Iowa, 1972); *Rome v. Eltra Corporation,* 297 F.Supp. 314 (E.D.Pa., 1969).

There are two exceptions, however, to 12 U.S.C., § 94. One, where a bank consents to be sued or waives its defenses when sued in another county. This exception is not applicable here. The other exception is where the action is a purely local action

such as a suit relative to ownership of real estate, rather than a transitory action. In *Casey v. Adams*, 102 U.S. 66, 26 L.Ed.2d 52 (1880), the Supreme Court for the first time made a distinction between "transitory" and "local" actions with respect to venue in suits against national associations.

The court there held that the mandatory venue statute applied only to transitory and not to local actions. As the court pointed out, "Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated." The United States Supreme Court in *Mercantile National Bank at Dallas v. Langdeau*, supra, in its opinion at footnote 11 recognized, without disapproval, its earlier holding in *Casey v. Adams*, when it held that an earlier statute in substantially the same terms as Title 12, U.S.C. § 94, related to transitory actions but not to local in rem actions. See *Casey v. Adams*, supra; *Klein v. Bower*, supra; *Michigan National Bank v. Robertson*, supra; *Chateau Lafayette Apartments, Inc. v. Meadow Brook National Bank*, 416 F.2d 301 (5th Cir., 1969); *Fort Worth National Bank v. Ballanfonte*, 469 S.W.2d 9 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ); *Lone Star Producing Company v. Bird*, 406 S.W.2d 344 (Tex.Civ. App.—Tyler 1966, writ dism'd); *Kader v. First National Bank of Fort Myers*, 387 F.Supp. 535 (W.D.Pa., 1975); *Central Bank, National Association v. Superior Court For the County Of Sacramento*, 30 Cal.App.3d 962, 106 Cal.Rptr. 912 (1973).

Therefore, the sole question here is whether Development Co.'s suit states a "local" rather than a "transitory" action. We must, therefore, determine the true nature of Development Co.'s suit.

■ The nature of this suit is to be determined by the Court, as a matter of law, solely from the facts alleged in the petition, the principal rights asserted, and the relief sought. *Brown v. Gulf Television Company*, 157 Tex. 607, 306 S.W.2d 706 (1957); *Renwar Oil Corporation v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955); *Scott v. Whittaker Pipeline Constructors, Inc.*, 517 S.W.2d 406 (Tex.Civ.App.—Austin

1974, no writ); *City of Wichita Falls v. State ex rel. Vogtsberger*, 509 S.W.2d 661 (Tex.Civ.App.—Fort Worth 1974, no writ); *Ashby v. Delhi Gas Pipe Line Corporation*, 500 S.W.2d 686 (Tex.Civ.App.—San Antonio 1973, writ dism'd); *Wagner v. Pulliam*, 361 S.W.2d 470 (Tex.Civ.App.—Eastland 1962, no writ); *Shellberg v. Shellberg*, 428 S.W.2d 117 (Tex.Civ.App.—Fort Worth 1968, writ dism'd); *Evans v. Speed*, 339 S.W.2d 257 (Tex.Civ.App.—Fort Worth 1960, writ dism'd); *W. B. Johnson Drilling Company v. Lacy*, 336 S.W.2d 230 (Tex.Civ. App.—Eastland 1960, no writ).

■ It is, however, the ultimate or dominant purpose of the suit by Development Co. which determines whether or not the suit falls under Subdivision 14, being a "local" action or whether such is a transitory action. *Edgar v. Bartek*, 507 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd); *Bee County Cooperative Association v. Dominy*, 489 S.W.2d 418 (Tex.Civ. App.—Corpus Christi 1972, no writ); *Morgan v. Box*, 449 S.W.2d 499 (Tex.Civ.App.— Dallas 1969, no writ); *Texaco Inc. v. Gideon*, 366 S.W.2d 628 (Tex.Civ.App.— Austin 1963, no writ); *Wagner v. Pulliam*, supra.

■ The Development Co. names numerous defendants under its fourth amended petition. Its cause of action is based upon an alleged violation of the usury laws of the State of Texas. The relief sought was in the nature of injunctive relief, damages of $24,958,520.62, cancellation of certain indebtedness, penalty for contracting for interest and double the amount permitted by the laws, and declaratory relief holding that certain deeds of trust liens are null and void. As against the Bank and the trustee, the Development Co. alleges that there was a conspiracy between the Insurance Co. and the Bank and that the Bank acted pursuant to this conspiracy in deciding to foreclose on the liens following the default of the $2.5 million dollar loan. The Development Co. alleges that the deeds of trust obtained by the Bank were either procured by fraud or in the alternative, the consideration for the granting of the deeds of trust on the land

was absent or has failed. Finally, the Development Co. sought injunctive relief against the Bank, restraining the Bank and trustee from holding the trustee's sale until the merits of the case had been determined and for declaratory relief cancelling the deeds of trust and declaring the same to be null and void.

Again, the primary question before us is whether the ultimate or dominant purpose of the suit brought by the Development Co. is an action for the recovery of lands and falls within Subdivision 14 of Article 1995 and is, therefore, classified a "local" action or whether such action is merely "transitory" and is subject to 12 U.S.C., § 94 which contains the mandatory venue provision. We hold that the primary purpose of the Development Co.'s suit was transitory in nature and it was error for the trial court to deny the Bank's plea to be sued in the county of its residence (Harris County).

The Bank in its second point of error asserts that the trial court erred in denying the Bank's plea in abatement because the 164th Judicial District Court in Harris County acquired prior jurisdiction over the parties to the suit. As is demonstrated by the record, the Development Co. had originally brought suit in the 107th District Court of Cameron County against numerous defendants based upon the alleged violation of the usury statutes of Texas. Thereafter, the Bank brought suit in the Harris County District Court against the Development Co. and Sams-Porter Corp. Its sole cause of action was for a debt owed by the Development Co. to the Bank. Approximately two hours after the Bank filed suit against the Development Co. and Sams-Porter Corp., the Development Co. filed its third amended petition in the Cameron County District Court joining the Bank alleging the existence of a conspiracy between the Bank and the Insurance Co.

█ In order to sustain a plea in abatement on the grounds of a prior suit pending, it is generally necessary to show that the court to which jurisdiction was first acquired (Harris County District Court) had all of the necessary parties before it and

was entitled to proceed to judgment on all questions necessarily and properly involved in both, the first and second suit. The test would be whether the judgment rendered in the first suit would be res judicata as against any judgment rendered by a court subsequently acquiring jurisdiction. 1 Tex. Jur.2d Abatement and Revival, § 31. The parties involved in the first suit were not the same as those involved in the second suit in Cameron County District Court. The issues were also different.

█ Therefore, upon examination of the parties and issues in the Harris County case at the time the Cameron County case was filed, we find that no judgment rendered by the Harris County District Court would have been res judicata with respect to any of the parties or their rights in the Cameron County District Court.

█ Before abatement is proper, it must appear that the cause or causes of action and the issues included are substantially the same in the two suits. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.Sup.1974); *Rowland v. Prappas*, 491 S.W.2d 179 (Tex.Civ.App.— Houston [1st Dist.] 1973, writ ref'd n. r. e.); *Maverick County Water Control And Improvement District No. 1 v. City Of Laredo*, 346 S.W.2d 886 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.); *Woods Exploration & Producing Company, Inc. v. Aluminum Company of America*, 382 S.W.2d 343 (Tex. Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.); *Perusse v. Perusse*, 402 S.W.2d 931 (Tex.Civ.App.—El Paso 1966, no writ); 1 C.J.S. Abatement and Revival § 40, p. 40; 1 Tex.Jur.2d Abatement and Revival § 34. Therefore, the action of the trial court in overruling the Bank's plea in abatement was proper. The Bank's second point of error is overruled.

We now come to the proper disposition of these two appeals. The Development Co.'s appeal from the denial of the temporary injunction by the trial court as to its cause is dismissed. CAUSE DISMISSED.

The trial court's order in overruling the Bank's plea of privilege is reversed and judgment is here rendered transferring that

cause to the District Court of Harris County. REVERSED AND RENDERED.

The judgment of the trial court in overruling the Bank's plea in abatement is AFFIRMED.

The judgments of the trial court are AFFIRMED IN PART, REVERSED AND RENDERED IN PART, AND DISMISSED IN PART.