Oscar **FITE** et al., Appellants,

v.

**PORT CITY STATE BANK, Appellee.**

No. 17422.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 10, 1979.

---

Parrish & Parrish, Angelo Parrish, Houston, for appellants.

Sewell, Junell & Riggs, David Speed Elder, Houston, for appellee.

WALLACE, Justice.

Appellee, Port City State Bank, moves to dismiss this interlocutory appeal of the denial of appellant's application for a temporary injunction as moot. The injunction was sought to restrain appellee bank from disposing of appellant's automobile in a non-judicial foreclosure sale.

Appellee by virtue of a security agreement had a security interest in appellant's vehicle. Appellee previously sought a writ of sequestration alleging appellant was in default on the payment. The writ was denied as appellee misdescribed the automobile in question. Approximately eighteen months later appellee caused the automobile to be repossessed and appellant sought a temporary injunction to restrain any non-

judicial sale. No other relief was sought by appellant. The injunction was denied and is the subject of this appeal. Appellant did not seek an injunction from this court pending the appeal. Appellee not being under any court order restraining a sale, has in fact foreclosed on the lien and the automobile has been sold. Appellee now moves to dismiss this cause as moot.

Texas courts have consistently held that an appeal of the denial of a temporary injunction to restrain the sale of property becomes moot where the property is sold bona fide before there is an adjudication of the appeal. *Service Finance Corporation v. Grote,* 133 Tex. 606, 131 S.W.2d 93 (Tex. Comm'n App.1939, opinion adopted); *State v. Jackson,* 101 S.W.2d 346 (Tex.Civ.App.—Austin 1937, no writ); *Prince v. North State Bank,* 425 S.W.2d 476 (Tex.Civ.App.—Amarillo 1968, no writ); *South Padre Development Co., Inc. v. Texas Commerce Bank National Association,* 538 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1976, no writ). "A cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a then existing controversy . . ." 538 S.W.2d at 479. The subject matter of this appeal has ceased to exist. No order of this court could be made which would grant any effective relief regarding the order appealed from. Appellee's motion is granted and this cause is dismissed.