

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00005-CV

TOMA INTEGRITY, INC., AND JOHN DIAL, Appellants

V.

WINDERMERE OAKS WATER SUPPLY CORPORATION, Appellee

On Appeal from the 33rd District Court
Burnet County, Texas
Trial Court No. 47531

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Windermere Oaks Water Supply Corporation, a governmental subdivision, posted notices of a public meeting at which Windermere's board authorized the sale of a portion of Windermere's property to a third party. However, the notices failed to include the subject of the prospective sale as required by Section 551.041 of the Texas Government Code and, thus, violated the Texas Open Meetings Act (Act). After the closing of the sale, TOMA Integrity, Inc., and John Dial sued to obtain declarations that Windermere had violated the Act and that the board's authorization was invalid. The 33rd Judicial District Court in Burnet County,[1] Texas, found a violation of the Act, but refused to declare the board's actions invalid.

Windermere does not challenge the finding that it violated the Act. Rather, this appeal is brought by TOMA and Dial, who argue that, while they received this favorable finding, the trial court abused its discretion in failing to void the board's actions. Because we find that (1) a declaration voiding the board's actions was unavailable under the Act and (2) TOMA and Dial's requests relating to past notices are moot, we affirm the trial court's judgment.

"Meetings of governmental bodies generally must be open to the public." *Tex. State Bd. of Pub. Accountancy v. Bass*, 366 S.W.3d 751, 759 (Tex. App.—Austin 2012, no pet.) (citing TEX. GOV'T CODE ANN. § 551.002). "Section 551.102 provides that: 'A final action, decision, or vote on a matter deliberated in a closed meeting under this chapter may only be made in an open meeting that is held in compliance with the notice provisions of this chapter.'" *Id.* at 762 (quoting TEX.

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

2

GOV'T CODE ANN. § 551.102). "The Act's purposes are to provide public access to and increase public knowledge of governmental decision-making." *Id*. at 759 (citing *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991)). To that end, a governmental body, like Windermere, is required to "give written notice of the date, hour, place, and subject of each meeting held by the governmental body."[2] TEX. GOV'T CODE ANN. § 551.041. "The intended beneficiaries of the Act are members of the interested public, not individual citizens such as the accountants in this case." *Bass*, 366 S.W.3d at 759.

In this appeal, it is undisputed that Windermere failed to include the subject matter of the meeting from its public notices issued December 19, 2015, and February 22, 2016, and thus violated the Act. After the board authorization was so obtained, Windermere sold the property to a third party in March 2016. The Act provides that "an action taken by a governmental body in violation of [the Act] is voidable." TEX. GOV'T CODE ANN. § 551.141. Thus, any "interested person . . . may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by members of a governmental body." TEX. GOV'T CODE ANN. § 551.142(a).

In December 2017, TOMA and Dial sued Windermere and prayed that the trial court "reverse the violation of [the Act] and declare void the action the [Windermere] Board took on December 19, 2015[,] to sell [Windermere's] property and on February 22, 2016[,] to again authorize the sale and authorize officers to sign the closing documents without the required public

---

[2]It is undisputed that Windermere is a governmental body that must comply with the Act.

3

notice." Although the trial court found Windermere violated the Act, it declined to declare void the board's actions or reverse the violation.

*(1)*     *A Declaration Voiding the Board's Actions Was Unavailable Under the Act*

The Act allows for actions "by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation." TEX. GOV'T CODE ANN. § 551.142(a); *see Bass*, 366 S.W.3d at 760. "There is a split in authority regarding whether [the Act] waives immunity for declaratory judgment actions." *Calhoun Port Auth. v. Victoria Advocate Publ'g Co.*, No. 13-18-00486-CV, 2019 WL 1562003, at *3 n.4 (Tex. App.—Corpus Christi Apr. 11, 2019, no pet.) (mem. op.). The Austin Court of Appeals has determined that the Act "set[s] the boundaries of [its] waiver[] of immunity to the express relief provided in the statute[]—injunctive and mandamus relief—and [does not] extend[] the scope of waiver to include the declaratory relief." *Id.* (alterations in original) (quoting *City of New Braunfels v. Carowest Land, Ltd.*, 549 S.W.3d 163, 173 (Tex. App.—Austin 2017, pet. filed)).[3]

The Act is designed to provide an "immediate remedy" for violations. *Cornyn v. City of Garland*, 994 S.W.2d 258, 267 (Tex. App.—Austin 1999, no pet.). TOMA and Dial's petition did not seek immediate mandamus or injunctive relief. Rather, after the property was sold, they sought declaratory relief that the board's past actions were void. Such relief is unavailable. *Id.*

---

[3]*But see Town of Shady Shores v. Swanson*, 544 S.W.3d 426, 437 n.1 (Tex. App.—Fort Worth 2018, pet. filed) ("[A]lthough [the Act] does not broadly waive immunity for all declaratory judgment actions, it does waive immunity for a declaration that an action taken in violation of [the Act] is void.").

*(2)*     *TOMA and Dial's Requests Relating to Past Notices Are Moot*

Even assuming the trial court could entertain TOMA and Dial's request to declare the board's actions void under the circumstances of this case and the precedent of the Austin Court of Appeals, nothing required the trial court to do so.  "TOMA expressly provides '[a]n action by a governmental body in violation of this chapter is voidable'—not void or void ab initio."  *Love Terminal Partners v. City of Dallas*, 256 S.W.3d 893, 897 (Tex. App.—Dallas 2008, no pet.) (alteration in original) (quoting TEX. GOV'T CODE ANN. § 551.141).  "The terms have distinct legal meanings."  *Id.* (citing *Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd.*, 179 S.W.3d 589, 618 (Tex. App.—Austin 2005, pet. denied)).  "If an action is void or void ab initio, the transaction is a nullity."  *Id.*  "If, however, conduct is merely voidable, the act is valid until adjudicated and declared void."  This is because a violation of the Act "does not equate to a failure to properly execute the contract."  *Hous. Auth. of City of Dallas v. Killingsworth*, 331 S.W.3d 806, 812 (Tex. App.—Dallas 2011, pet. denied).  Thus, the board's approval of and actions to effectuate the sale "remain[] valid 'until adjudicated and declared void.'"  *Id.* at n.5 (quoting *Love Terminal Partners, L.P.*, 256 S.W.3d at 897 (citing *Swain v. Wiley College*, 74 S.W.3d 143, 146 (Tex. App.—Texarkana 2002, no pet.) ("A 'voidable' act operates to accomplish the thing sought to be accomplished until the fatal vice in the transaction has been judicially ascertained and declared."))); *see Bass*, 366 S.W.3d at 761 ("[P]roving that a meeting violated the Act does not necessarily render voidable all related subsequent actions by a governmental body.").

"Thus, even a contract procured by a potentially voidable act is still a valid contract."  *Id.*; *see Carowest*, 549 S.W.3d at 173 (concluding that, while the trial court had jurisdiction under the

5

Act, it lacked subject-matter jurisdiction to declare a contract void following violations of the Act). Consequently, as explained below, TOMA and Dial's requests that the trial court reverse the board's past acts are moot.

Here, long before suit was filed seeking relief under the Act, Windermere's property had been sold by the board to a third party not included in this lawsuit. These facts raise the issue of mootness. "The mootness doctrine implicates subject[-]matter jurisdiction [and] 'prevents courts from rendering advisory opinions.'" *In re Smith Cty.*, 521 S.W.3d 447, 453 (Tex. App.—Tyler 2017, orig. proceeding) (citing *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.). "A case becomes moot if . . . the issues presented are no longer 'live' . . . i.e., there is no action on the merits that a court could take that would affect the parties' rights or interests." *Cook v. Hedtke*, No. 03-17-00663-CV, 2018 WL 1660078, at *2, 3 (Tex. App.—Austin Apr. 6, 2018, no pet.) (mem. op.) (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)).

"In *Cornyn*, the Austin Court held that a claim relating only to improper notices of past meetings suffers from 'apparent mootness.'" *Rubalcaba v. Raymondville ISD*, No. 13-14-00224-CV, 2016 WL 1274486, at *2 (Tex. App.—Corpus Christi Mar. 31, 2016, no pet.) (mem. op.) (quoting *Cornyn v. City of Garland*, 994 S.W.2d 258, 267 (Tex. App.—Austin 1999, no pet.)). There, as here, plaintiffs alleged that the governmental body violated the Act by failing to sufficiently describe the subject to be discussed in its meeting and sought a declaration establishing the same. *Cornyn*, 994 S.W.2d at 266. The City of Garland "pleaded that the [plaintiffs'] claims were moot insofar as they related to the notices posted previously for past city council meetings and required an advisory opinion." *Id.* The Austin Court of Appeals agreed. *Id.* It has since

reiterated its opinion that requests for relief like the one sought by TOMA and Dial are moot because "[a] decision simply addressing whether a . . . violation [of the Act] had occurred in the past would have no practical effect on the parties." *Cook*, 2018 WL 1660078, at *3 (citing *In re Smith Cty.*, 521 S.W.3d 447, 454–55 (Tex. App.—Tyler 2017, orig. proceeding); *Brownsville Indep. Sch. Dist. Bd. of Trs. v. Brownsville Herald*, 831 S.W.2d 537, 538 (Tex. App.—Corpus Christi 1992, no writ)).[4]

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:      June 7, 2019
Date Decided:        June 21, 2019

---

[4]*See Fite v. Port City State Bank*, 582 S.W.2d 210, 211 (Tex. App.—Houston [1st Dist.] 1979, no writ) ("Texas courts have consistently held that an appeal of the denial of a temporary injunction to restrain the sale of property becomes moot where the property is sold bona fide before there is an adjudication of the appeal."); *see also Schulze v. EMC Mortg. Corp.*, No. 04-08-00010-CV, 2008 WL 2116277, at *1 (Tex. App.—San Antonio May 21, 2008, no pet.) (mem. op); *Ranchos Real Developers, Inc. v. Cty. of El Paso*, No. 08-04-00014-CV, 2004 WL 1427376, at *1 (Tex. App.—El Paso June 24, 2004, no pet.) (mem. op.).