No. 13,145.

ROBINSON *v.* BOOTH-ORCHARD GROVE DITCH COMPANY
ET AL.

(31 P. [2d] 487)

Decided March 19, 1934.

Mr. W. O. PETERSON, for plaintiff in error.

Mr. H. P. VORIES, Messrs. ADAMS & GAST, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there.

Defendant company owns and operates an irrigation ditch and its stock is divided into three classes based upon the dates of priority. It amended its articles of incorporation to permit each class of stock to be assessed for ditch maintenance on the basis of benefits, and its officers proceeded accordingly. Plaintiff, an owner of Class A stock, which bore the heaviest assessment, brought this suit to have the amendment nullified and the defendant officials enjoined from further action under it. Defendants demurred for want of facts. The demurrer was sustained and plaintiff elected to stand. Thereupon the cause was dismissed at plaintiff's costs and to review that judgment he prosecutes this writ.

Section 2356, C. L. 1921, as amended by chapter 89, p. 263 S. L. 1927, provides that "Any corporation owning any ditch or canal for conveying * * * water for irrigation purposes, and when it is deemed necessary to raise funds to keep its ditch * * * in good repair, * * * shall have power to make an assessment on the capital stock thereof, to be levied pro rata on the shares of stock. * * *." Plaintiff says the amendment to the articles violates this section, and defendants that it does not.

The sole question here presented is the meaning of the phrase "pro rata." This means: "According to a measure which fixes proportions; according to a certain rate, percentage, or proportion; * * *. It has no meaning unless referable to some rule or standard. It never means, as applied to persons, equality, or an equal division; the term used necessarily implies an unequal division as between different persons." 50 C. J. 792.

The 1600 shares of defendant company are divided and assessed as follows: 900 Class A shares, having priorities up to 1881, assessed $4 per share; 105 Class B shares, having priorities from 1881 to 1888, assessed $2 per

share; 595 Class C shares, having priorities later than 1888, assessed $2 per share.

   Since each class of stock should bear its equitable portion of upkeep, and since earlier appropriators presumably use the ditch when there is no water for later, the earlier should bear the greater burden. Since presumptions favor the action of defendant officials, we must assume, in the absence of contrary allegations, that they have done their duty. Let us suppose there was also a Class D stock whose priorities were limited to flood waters appearing only in small quantities and at limited times at intervals of a year, or several years. The injustice of forcing upon such stock an equal burden with Class A for daily maintenance is apparent.

   Where stock, as here, is divided into different classes, each entitled to a different use, and varying therefor in benefits from maintenance, the pro rata mandate requires only that cost shall be equitably apportioned between the classes and that the assessment on each share in a given class be the same.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.