

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 15, 1966

Mrs. Marie Winters
Commissioner
Fireman's Pension Commission
Sam Houston State Office Building
Austin, Texas

Opinion No. C-611

Re: In a town with firemen, widows
and children drawing benefits,
where there is not sufficient
money on hand to pay full
pensions, should a paid fireman
who terminates his service be
refunded his contributions from
the State Emergency Reserve
Fund before the pensioners are
Dear Mrs. Winters: paid and related question.

Your recent letter to this office requests our opinion
upon the following questions:

"1. In a town with firemen, widows and children
drawing benefits where there is not sufficient
money on hand to pay full pension, should a paid
fireman who terminates his service be refunded
his contributions from the State Emergency Reserve
Fund before the pensioners are paid?

"2. Many of the pensioners are only drawing
30% to 50% of their pension. Should the refund
be made on a pro rated basis? If so, what manner
of proration would be legal, since any refund of
contributions is going to reduce the pensions
even more."

The conditions and circumstances whereby allocations
may be made from the emergency reserve fund are set forth in
Section 20 of Article 6243e of Vernon's Civil Statutes. The
relevant portions of said Section read as follows:

-2962-

"Whenever any Board of Trustees shall find
the fund as herein provided and within their
control insufficient to meet the demands against
such funds, such Board of Trustees may make
written application to the Firemen's Pension
Commissioner for additional temporary apportion-
ment from the emergency reserve of such Fund,
such application by the sworn statement of at
least three (3) members of such Board of Trustees
showing that the department applying for such
temporary apportionment has assessed its members
the maximum assessment provided hereunder and
showing further the necessity and reasons for
such additional temporary apportionment and
if approved by the Firemen's Pension Commissioner,
he shall certify his approval to the State
Treasurer . . . Upon such certificate of approval
of such application by the Firemen's Pension
Commissioner, the State Treasurer shall pay
to such applicant Board the sum stated in such
certificate from the emergency reserve of said
Firemen's Relief and Retirement Fund and in
addition to the amount to be paid such Board
under the regular apportionment as herein
provided due such Board."

We find no other provision relating to disbursements
from the emergency reserve fund. This provision does not
authorize any disbursement from such fund to be made to any
individual who is entitled to benefits or refund of contributions
under the Firemen's Pension Act. Such allocations as are
authorized are to be made to the board of trustees of the local
fund. Therefore, in answer to your first question, you are
advised that a terminated fireman is not entitled to be refunded
his contributions from the emergency reserve fund before
pensioners are paid.

The provisions of the Firemen's Pension Act do not
provide for any priority of payment as between benefits payable
to retired firemen, widows and children, and the refund of
contributions to terminated firemen. In the absence of some
Legislative expression that such individuals are to be treated
differently insofar as priority of payment is concerned we are
not authorized to engraft upon the applicable statutes a
provision placing one upon a higher footing than another.

Section 25 of Article 6243e clearly expresses the
intention of the Legislature that a system of priority not be

resorted to in disbursement of funds under this Act. Such Section provides as follows:

"If, for any reason the Fund or Funds hereby made available for any purpose covered by this Act shall be insufficient to pay in full any allowance or disability benefits then all granted allowances, or disability benefits shall be proratably reduced for such time as such deficiency exists."

In our opinion, this Section requires a prorata reduction in all payments authorized by the Act when the available funds are insufficient to meet the immediate obligations payable. The term pro rata means according to proportion. Chenoweth v. Nordan & Morris, 171 S.W.2d 386 (Tex.Civ.App. 1943, error refused w.o.m.); Webster's Third New International Dictionary. Therefore, in answer to your second question, you are advised that all sums payable from a given fund should be proratably reduced when the fund is insufficient to meet the full obligations. This would necessarily include refunds of contributions to a terminated fireman. The determination of the amounts payable from any particular fund is a mathematical calculation dependent upon the facts in each instance and is a matter for administrative determination.

## S U M M A R Y

The refund of contributions to a fireman who terminates his service prior to retirement is not payable from the emergency reserve fund before pensioners are paid; where a particular fund is insufficient to meet all disbursements payable from it under the Firemen's Pension Act, such disbursements, including refunds to terminated firemen, are to be proratably reduced.

Very truly yours,

WAGGONER CARR
Attorney General

By W. O. Shultz
Assistant

Mrs. Marie Winters, page 4 (C-611)


WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Gordon Houser
Linward Shivers
Mario Obledo

APPROVED FOR THE ATTORNEY GENERAL
By:   T. B. Wright