# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00676-CV

**Equitable Trust Company, Appellant**

**v.**

**Finance Commission of Texas and Texas Department of Banking, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. GN100155, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

Appellant Equitable Trust Company (AEquitable@) challenges the validity of an administrative rule promulgated by appellee Finance Commission of Texas (Athe Commission@) that establishes the method by which the appellee Texas Department of Banking (Athe Department@) assesses examination fees of trust companies. *See* 7 Tex. Admin. Code ' 17.22 (2002) (ARule 17.22@). Equitable contends that the method provided in Rule 17.22 does not result in a Aratable@ examination fee as required by the unambiguous governing statute, Texas Finance Code section 181.003(4) (ASection 181.003@). *See* Tex. Fin. Code Ann. ' 181.003(a)(4) (West 2003).[1] Because we conclude that Rule 17.22=s calculation method results in ratable and equitable fees, we will affirm the district court=s judgment.

---

[1] When this case originated in 1999, the applicable statutory authority was Texas Revised Civil

## Procedural Background

In May 1999, following Equitable=s annual examination, the Department assessed Equitable

an examination fee of $8,628.91. Equitable requested an administrative hearing and contended that Rule

17.22 was invalid because the rule=s examination fee assessment method did not result in a Aratable@ fee and

therefore the rule failed to comply with the governing statute.[2] *See* 7 Tex. Admin. Code ' 17.22(d).

Equitable tendered to the Department $6,500, the portion of the fee it was not disputing.[3] Following an

evidentiary hearing, the administrative law judge (AALJ@) issued a proposal for decision (APFD@)

recommending that Rule 17.22=s calculation method resulted in a ratable fee and the rule was valid. The

Banking Commissioner, by order, adopted the PFD and the ALJ=s related findings of fact and conclusions

of law and upheld the Department=s assessment of Equitable=s 1999 examination fee. Equitable asked the

---

Statute art. 342a-1.003(a)(4). *See* Act of May 20, 1997, 75th Leg., R.S., ch. 769, ' 1.003, 1997 Tex. Gen. Laws 2488. No substantive changes were made to the applicable portion of the governing statute when it was codified in 1999 as Texas Finance Code section 181.003(a)(4). *See* Act of April 23, 1999, 76th Leg., R.S., ch. 62, ' 7.16, 1999 Tex. Gen. Laws 153-222. For convenience, we refer to the current finance code section 181.003(a)(4).

[2] Equitable conceded that the fee was properly calculated under Rule 17.22.

[3] It is unclear from the record why this amount is undisputed.

Commission to review the Banking Commissioner=s order. Following a hearing, a review of the administrative record, and a vote by the Commission, the Commission=s chair signed an order affirming the Banking Commissioner=s order.

Equitable sought judicial review of the administrative orders and also requested declaratory relief that Rule 17.22 was invalid because the examination fee calculation method did not result in a ratable fee as required by the governing statute, Section 181.003.[4] *See* Tex. Fin. Code Ann. ' 181.204 (West Supp. 2003); Tex. Gov=t Code Ann. '' 2001.17, .038 (West 2000). The district court ruled that the examination fee calculation method complied with the governing statute and that Rule 17.22 was valid, affirmed the administrative orders, and denied Equitable=s request for a declaration that Rule 17.22 was invalid.

## Discussion

On appeal, Equitable continues to maintain that Rule 17.22 is invalid on the basis that the rule=s method for computing trust company examination fees does not result in ratable examination fees as required by the unambiguous governing statutory provision, Section 181.003.

*Applicable statutes and administrative rule*

Trust companies operating in Texas are regulated by the Department. *See generally* Texas Trust Company Act, Tex. Fin. Code Ann. '' 181.001-.308 (West Supp. 2003). By statute, Texas trust

---

[4] During the pendency of the administrative process, the Department assessed Equitable $9,062.42 for its annual 2000 examination fee. In the district court proceeding, Equitable contended that this assessment was also improper because Rule 17.22=s calculation method was invalid.

companies bear the costs of regulation, which includes the cost of examinations. *See id.* ' 181.105 (West

Supp. 2003). The Texas Legislature provided the Commission with broad discretion to recover the

regulatory costs and the costs of enforcement in any manner that results in the imposition and collection of

ratable and equitable fees. *See id.* ' 181.003. Section 181.003 provides in pertinent part:

> (a) The finance commission may adopt rules to accomplish the purposes of this Act, including rules necessary or reasonable to:
>
> > (4) provide for recovery of the cost of maintenance and operation of the department and the cost of enforcing this Act through the imposition and collection of ratable and equitable fees for notices, applications, and examinations.

*Id.* ' 181.003(a)(4). Pursuant to this authority, the Commission adopted Rule 17.22, which establishes the

calculation method of assessing ratable and equitable examination fees for trust companies. Under Rule

17.22, each trust company is required to pay an examination fee calculated in the following manner:

> **' 17.22 Examination and Investigation Fees.**
>
> (a) Calculation of Fees. A trust company shall pay to the department a fee for examination, whether a regular or special examination, or for an investigation in connection with an application, calculated at a uniform rate of $500 per examiner per day, to recoup the salary expense of examiners plus a proportionate share of the department=s overhead allocable to the examination or investigation function. The commissioner may lower the uniform rate without the prior approval of the finance commission.
>
> (b) Travel Expenses. In connection with an examination or investigation, a trust company shall reimburse the department for actual travel expenses incurred, including mileage, public transportation, food, and lodging, in addition to paying the fees set forth in subsection (a) of this section.

7 Tex. Admin. Code ' 17.22.

*Statutory construction*

In construing a statute, the objective is to determine and give effect to the legislature=s intent. *See Steering Comms. for Cities v. Public Util. Comm=n*, 42 S.W.3d 296, 300 (Tex. App.CAustin 2001, no pet.) (citing *Nat=l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000)). Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, as long as the construction is reasonable and does not contradict the plain language of the statute. *See Steering Committees for Cities*, 42 S.W.3d at 300. This is particularly true when the statute involves a complex subject matter. *Id.* Courts however, Ado not defer to administrative interpretation in regard to questions which do not lie within administrative expertise, or deal with a nontechnical question of law.@ *Rylander v. Fisher Controls Int=l, Inc.*, 45 S.W.3d 291, 302 (Tex. App.CAustin 2001, no pet.) (quoting 2B Singer, *Sutherland Statutory Construction* ' 49.04, at 23-24 (6th ed. 2000)).

*Equitable=s arguments*

Equitable contends that Rule 17.22 provides a uniform calculation method rather than a calculation method that results in a ratable fee, and improperly leaves the determination of assigned examiners and examiner-days to the Department=s discretion. Equitable argues that for the fee calculation method to result in a Aratable@ fee the method must: (1) have some mathematical relationship among the trust companies to be charged and the Department; and (2) the method must be absent of any discretion on the part of the Department in determining the fee. Equitable contends the calculation method must include the total value of the assets of a trust company, the fiduciary assets that the trust is holding, and the number

**5**

and type of accounts that the trust company is holding.  Equitable concludes that, as the Rule does not comply with the governing statute, it is invalid, and the 1999 and 2000 examination fees assessed against it by the Department are improper.

*The Commission=s and Department=s response*

The Commission and the Department respond that Rule 17.22 is valid and provides a method for calculating examination fees that are ratable and equitable. Specifically, they argue that the method provides for collection of ratable fees because each trust company pays the proportion of the Department=s total examination costs that are actually consumed during the examination of a particular trust company. They contend that the daily rate is a more equitable approach than a rate based upon a per account factor. They contend that the length of the examination, and therefore the fee, depends entirely upon whether a trust company=s accounts are discretionary or nondiscretionary, the manner in which the trust company keeps its assets segregated from its fiduciary assets, and whether the trust company has a problematic history or any conflicts of interests. They contend that there is no reason to develop a more complex method for assessing fees. Further, the Commission and the Department contend that Rule 17.22=s method results in ratable and equitable fees because the size of a trust company is not necessarily indicative of the complexity of that trust=s examination. That is, examinations of some small trust companies are more complex and take more time than examinations of some large trust companies whose examinations are straightforward. They argue that prorating the total examination costs based upon a trust company=s value of assets would cause an inequitable result because large trust companies would thereby bear the larger portion of the costs and would be subsidizing some smaller trust companies whose examinations are often more complex.

7

*Analysis*

At the heart of this case is the meaning of the word Aratable@ as used in the governing statute, Section 181.003. The statutory construction issue before us does not involve a matter lying within agency expertise, but instead involves a nontechnical question of lawClegislative intentCdetermined from the legislature=s use of the word Aratable@ in context and based on the ordinary meaning of the word. *Fisher Controls*, 45 S.W.3d at 302. This reduces the degree of judicial deference owed to the agency=s interpretation. *Id.*

To assist with the meaning of Aratable,@ Equitable, the Commission and the Department cite *Chenoweth v. Nordan & Morris*, in which at issue was a gas taking contract that stated the taking was to be on Aan equitable or ratable@ basis. 171 S.W.2d 386, 387 (Tex. Civ. App.CSan Antonio 1943, writ ref=d w.o.m.). The *Chenoweth* court discussed the meaning of Aratable@ and concluded that Aratable does not mean equal but rather pro rata, according to some rule or standard.@ *Id.* Black=s Law Dictionary defines ratable as Aproportionate@ or Acapable of being estimated, appraised or apportioned@ or simply Apro rata.@ Black=s Law Dictionary 1268 (7th ed. 1999). A ratable method, then, necessarily requires a proportionate assessment rather than an equal division of the total cost among the members of the group.

Often times, as is the situation here, the manner of apportionment is not apparent from the use of the word Aratable@ or Apro rata.@ Here, the legislature gave the Commission broad discretion to develop a method to recover the Department=s total cost for trust company examinations directly from the trust companies under its jurisdiction in any manner so long as the resulting examination fees were both ratable and equitable.

Testimony at the administrative hearing established that Rule 17.22=s rate of $500 per examiner per day was determined by adding the examiners= salaries, the cost of their benefits, and the portion of the Department=s administrative and indirect expenses attributable to trust company examinations and dividing the total by 210, the number of days each year that an examiner is assumed to be productive. Under the calculation method in Rule 17.22, the Department=s total cost for examinations is prorated in that each trust company pays the proportion of the Department=s total cost that is actually consumed by the examination of a particular trust company. That is, each trust company pays that portion of the examiners= salaries and the Department=s administrative and indirect costs that is attributable to its examination. Thus, in promulgating Rule 17.22, the Commission chose to prorate the total cost of examinations by spreading the examiners= salaries and departmental administrative and indirect costs into a daily rate, and then charging each trust according to how many examiners and days are necessary to complete an examination. The assessment method provided in Rule 17.22 results in a ratable fee because the length of time the examination takes, and therefore the fee assessment, reflects the difficulty of an examination as well as most of the factors Equitable would have the Commission include in a more complex assessment method. Indeed, the time it takes to perform an examination is determined by the company=s assets, the manner in which assets are segregated and whether there are problems or conflicts of interest. The method provided in Rule 17.22 results in both ratable and equitable fees as it assesses an examination fee based upon the complexity of an examination rather than a company=s amount or types of assets. Rule 17.22=s method indeed avoids the inequity of assessing a large company a large fee when it may prove to be the case that a small company=s examination is more complex and more time-consuming. Further, in the event a trust

**9**

company believes that an inappropriate number of examiners has been assigned to perform its examination or that its assessment is excessive, the company may pursue administrative remedies to contest the amount of the assessment.

Finally, we address Equitable=s contention that the history of Rule 17.22 demonstrates that its calculation method does not result in a ratable fee. The predecessor to Rule 17.22, 7 Texas Administrative Code section 10.3,[5] was promulgated when the governing statute mandated assessment of examination fees that were Aequitable or proportionate@ and calculated examination fees in exactly the same manner as does Rule 17.22. *See* Act of May 14, 1987, 70th Leg., R.S., ch. 168, ' 1, 1987 Tex. Gen. Laws 1373, 1374, *repealed by* Act of May 20, 1997, 75th Leg., R.S., ch. 769, ' 10, 1997 Tex. Gen. Laws 2483, 2556. Equitable contends, that because the legislature changed the language in the governing statute from Aequitable or proportionate@ to Aratable and equitable@ a change in the rules was also necessary. Equitable contends that due to the change in the statutory language, the examination fee calculation method should be changed and based on various factors including the value of a trust company=s assets.

Two Department employees testified at the administrative hearing that following the legislative change to the governing statute, the Department reviewed whether the fee calculation method under the then existing rule 10.3 resulted in Aratable and equitable@ examination fees and also reviewed

---

[5] 20 Tex. Reg. 9415 November 14, 1995 (adopted), *repealed by* 23 Tex. Reg. 26 (January 2, 1998) and Rule 17.22, 23 Tex. Reg. 2289 (March 6, 1998) (adopted) (codified at 7 Tex. Admin. Code ' 17.22).

alternative assessment methods.  The Department determined that the fee calculation method in rule 10.3 indeed resulted in fees that were both ratable and equitable.  Further, when exploring different assessment methods, the Department specifically attempted to develop a method based on a trust company=s assets that would result in ratable fees.  Despite many attempts, and primarily due to the great variance in sizes and complexities of trust companies operating in the State, the Department was unsuccessful in developing a different assessment method that would produce both ratable and equitable fees.

As discussed earlier, the method provided in Rule 17.22 results in both ratable and equitable fees because it assesses fees based upon the complexity and difficulty of an examination. Because the method provided in the previous rule 10.3 produced ratable and equitable fees, and absent a showing of any legislative history to the contrary, we hold that there was no imperative duty that the Commission develop a different or more complex calculation method following the legislature=s change to the governing statute.

## Conclusion

Although one might imagine other trust company examination fee calculation methods that would result in ratable and equitable fees, we hold that Rule 17.22=s assessment method is compatible with the governing statutory language of Section 181.003.  Equitable=s contentions are overruled.  The district court=s judgment is affirmed.

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   February 21, 2003