

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00029-CV
_____

**TEMA OIL AND GAS COMPANY, APPELLANT**

**V.**

**ETC FIELD SERVICES, LLC F/K/A REGENCY FIELD SERVICES, LLC, APPELLEE**

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-291050-17, Honorable Thomas W. Lowe III, Presiding

July 13, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Tema Oil and Gas Company, appeals the trial court's order sustaining Appellee, ETC Field Services LLC f/k/a Regency Field Services LLC's, plea to the jurisdiction and dismissing Tema's lawsuit.[1]  We conclude the trial court was vested with subject matter jurisdiction and accordingly reverse the judgment of dismissal.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

## Background

This lawsuit arises out of a gas-purchase contract entered between Tema's and ETC's predecessors in interest. Relevant to this suit, Tema alleges its predecessor agreed to sell, and ETC's predecessor agreed to buy, "one hundred percent (100%) of the working interest ownership of Gas at Seller's Delivery Point(s)" obtained from two sections in Loving County, Texas. Tema also alleges ETC's predecessor was contractually bound to "provide, at its expense, facilities to receive Seller's Gas at Seller's Delivery Points."

Tema filed suit against ETC in March 2017; it filed an amended pleading alleging causes of action for breach of contract and negligence. Tema alleges that during periods from December 2013 through July 2015, as well as in February 2017, it was unable to deliver its gas because of ETC's breaches of the contract and negligence. Tema claims it suffered approximately $3 million in damages when it was forced to flare its gas because ETC was unable or unwilling to receive, process and buy the gas. Tema alleges the contract constitutes an exclusive dealings agreement governed by the Uniform Commercial Code, requiring ETC to perform in good faith.

ETC filed a plea to the jurisdiction, contending Tema was actually asserting claims for discrimination by a common purchaser of gas. Jurisdiction of such claims, ETC argues, rests exclusively with the Texas Railroad Commission. To support its theory, ETC attached to its plea copies of: (1) Tema's response to ETC's second motion for summary judgment; (2) statements by Tema's counsel during three hearings; (3) the contract; and (4) Tema's motion to compel. After conducting a non-evidentiary hearing

on ETC's plea, the district court signed an order sustaining the plea and dismissing Tema's case for want of subject matter jurisdiction.

Analysis

Texas state district courts possess "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where [such] jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. The Supreme Court of Texas has long held that district courts are presumed to possess subject matter jurisdiction over a dispute in the absence of a contrary showing. *In re CenterPoint Energy Hou. Elec.*, No. 19-0777, 2021 LEXIS 659, at *5 (Tex. Jun. 30, 2021) (orig. proceeding); *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004) (orig. proceeding). Conversely, agencies, such as the RRC, obtain their powers via express legislative grant. *See CenterPoint*, 2021 LEXIS 659, at *5 (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002)).

ETC urged the trial court to find the RRC's jurisdiction over Tema's claims is exclusive, or at least primary. When an agency has exclusive jurisdiction over a claim, courts are required to dismiss the claim for lack of subject matter jurisdiction; parties must first "exhaust all administrative remedies before seeking judicial review of the agency's action, and then 'only at the time and in the manner designated by statute.'" *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 428 (Tex. 2017) (quoting *Cash Am. Int'l v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000)).

3

The law of primary jurisdiction instructs that courts should allow the agency to initially decide an issue when:

> (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from an agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations.

*Forest Oil Corp.*, 518 S.W.2d at 429-30. When primary jurisdiction is proper with an agency, "the court should abate the lawsuit and suspend final adjudication of the claim until the agency has an opportunity to act on the matter." *Id.* at 430. We review de novo a court's determinations of exclusive and primary jurisdiction. *Subaru*, 84 S.W.3d at 222.

For Tema's claims in the present case, ETC argues the legislative grant of jurisdiction to the RRC originates in section 111.086 of the Texas Natural Resources Code, which generally prohibits a common purchaser from discriminating in favor of one producer against another in the same field:

> (a) A common purchaser shall purchase oil offered to it for purchase without discrimination in favor of one producer or person against another producer or person in the same field and without unjust or unreasonable discrimination between fields in this state.
>
> (b) A question of justice or reasonableness under this section shall be determined by the commission taking into consideration the production and age of wells in respective fields and all other proper factors.

TEX. NAT. RES. CODE ANN. § 111.086 (West 2011).[2] At least one federal court has held that claims of discrimination under 111.086 are within the exclusive jurisdiction of the RRC

---

[2] "The commission" is statutorily defined to mean the Railroad Commission of Texas. TEX. NAT. RES. CODE ANN. § 111.001(1) (West Supp. 2020).

*because no private cause of action exists.* *See Sowell v. Nw. Cent. Pipeline Corp.*, 703 F. Supp. 575, 580 (N.D. Tex. 1988).

Abrogation of a common-law right "is disfavored and requires a clear repugnance" between the common-law cause of action and the statutory remedy. *Cash Am.*, 35 S.W.3d at 16. As a part of our determination of intent, "we presume the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen." *In re Commitment of Bluitt*, 605 S.W.3d 199, 203 (Tex. 2020). Under section 111.086, the RRC is empowered to answer questions of justice or reasonableness "under this section," i.e., alleged discrimination by a common purchaser in favor of one producer against another. TEX. NAT. RES. CODE ANN. § 111.086(b). Nothing in our review of the Code clearly expresses intent to exclude judicial authority over common-law claims, or that a "pervasive regulatory scheme" indicates legislative intent for "the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed." *Oncor Elec. Delivery Co. v. Chaparral Energy, LLC*, 546 S.W.3d 133, 138 (Tex. 2018) (cleaned up).

### 1. Tema does not plead a disguised claim for discrimination.

We next examine the pleadings to determine whether, as ETC alleged in its plea to the jurisdiction, "Tema's claims rest on a theory of discrimination." We construe Tema's pleadings liberally in the Appellant's favor, looking for Tema's intent and reading the pleadings "as a whole." *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.2d 538, 547 (Tex. 2016); *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Because the substance of what Tema pleads does not expressly or impliedly allege

discrimination by ETC, we hold the RRC does not possess exclusive or primary jurisdiction over Tema's claims of negligence and breach of contract. *See Marquez*, 487 S.W.2d at 547 (assessing "[t]he nature of the claims, rather than the nomenclature," so "artful pleadings cannot circumvent statutory jurisdictional prerequisites.").

For its breach of contract claim, Tema alleges:

> ETC breached the Contract by failing to provide facilities to accept deliveries of [Tema's] Gas under the terms and conditions of the Contract. ETC failed to provide and maintain capacity in its facilities to receive deliveries of [Tema's] Gas and/or failed to maintain its facilities in condition to accept delivery of [Tema's] Gas. . . . ETC was required to act in good faith and to use its best efforts to perform its obligations under the Contract, including to receive, process and buy Tema's Gas. ETC failed without excuse to do so, thus breaching the Contract, and its duties under TEX. BUS. & COM. CODES §§ 1.304 and 2.306(b).

Nowhere in the live pleadings is any allegation that ETC treated other producers more favorably, or even differently, than it treated Tema.

For its claim of negligence, Tema alleges ETC breached its duty to "maintain sufficient capacity in its facilities to accept deliveries of [Tema's] Gas and to maintain its facilities in sufficient condition to perform under the Contract, and to act in good faith or exercise best efforts to perform and do so." Again, Tema does not plead discrimination by ETC. Concerning allegations of damages under either theory, Tema seeks recovery for the market value of gas that was lost by flaring. We hold that the RRC does not possess exclusive jurisdiction over these common-law causes of action.

Nor do we find the RRC possesses primary jurisdiction over Tema's claims. In another case assessing the RRC's jurisdiction, the Supreme Court emphasized that the doctrine of primary jurisdiction does not apply to claims that are "inherently judicial in

6

nature." *Forest Oil Corp.*, 518 S.W.3d at 430. The court expressly listed negligence and breach of contract causes of action among those that are "inherently judicial in nature." *Id.* ETC's responsibilities not to discriminate do not supplant other responsibilities it may owe under the common law, including the obligations it owes pursuant to contract and business relationships. *Id.* at 430. We hold that because Tema's causes of action are judicial in nature, the doctrine of primary jurisdiction is inapplicable.

2. Section H does not vest the RRC with exclusive jurisdiction.

ETC argues at length that Tema's suit can only be for discrimination due to Section H of Exhibit A to the contract. That section states in relevant part:

> [ETC] has no obligation to receive or buy any specific quantity of [Tema's] Gas. Additionally, if any of [ETC's] facilities are incapable of receiving all Gas available at the Delivery Points, [ETC] will instead receive Gas, including [Tema's] Gas, ratably among similarly situated producers, in accordance with the rules of the appropriate regulatory entity or based on such factors as [ETC] deems appropriate in the circumstances.

(alterations added). We are not persuaded that this section renders Tema's contract or negligence claims as one for discrimination. The parties' agreement does not change the plain language of the statute. And as indicated above, section 111.086 of the Natural Resources Code vests the RRC with authority to determine questions of "justice and reasonableness" only when a claim of discrimination is made. The code does not require ratable takes to be prospectively determined by the RRC. This distinction is important because a backward-looking determination of criteria or standards by an agency is adjudicatory, not regulatory, in nature. *In re CenterPoint*, 2021 Tex. LEXIS 659, at *25 (rejecting argument that jurisdiction over negligence claims involving defendant's fuse

7

selection rests exclusively with the Texas Public Utilities Commission: "Setting standards for fuse selection retrospectively to resolve this dispute is not regulation, and adjudicating violations of laws that the PUC does not administer is also not regulation."). In other words, the fact that the parties, under circumstances not developed in the record, *might*[3] need to examine the rules of the RRC for determining whether ETC has received gas ratably among similarly situated producers does not mean the RRC possesses regulatory authority exclusive of the district court's jurisdiction.[4]

In any event, Section H is only potentially relevant to Tema's claims if it is shown that ETC's facilities were *incapable* of receiving all Gas available at the Delivery Points and that ETC received gas from multiple producers. Tema's pleading hints that ETC refused to accept or buy any of Tema's gas. In addition, evidence in the record suggests ETC installed a "pop-off valve" on the pipeline between Tema's Delivery Point and ETC's sales meter, permitting the gas to be vented before it could be measured. Finally, evidence indicates gas intended for ETC may have been lost because of a dilapidated pipeline. While we take no position on the viability of these scenarios, we point out they would potentially permit Tema to recover damages for negligence or breach of contract

---

[3] ETC's argument overlooks the disjunctive "or" in Section H: the parties may assess whether ETC has received gas ratably in accordance with "the rules of the appropriate regulatory entity **or** based on such factors as [ETC] deems appropriate in the circumstances." (emphasis added). The contract's alternative means of determining the ratio of ETC's receipt of gas demonstrates the nonexclusivity of the RRC's power. In a case discussed at length by ETC – *Chenoweth v. Nordan & Morris*, 171 S.W.2d 386, 388 (Tex. App.—San Antonio 1943, writ ref'd w.o.m.) – the court of civil appeals held the plaintiff's request for relief was subject to the exclusive jurisdiction of the RRC, *but only after the plaintiff became dissatisfied with the alternative method of proration*.

[4] A closer question is if a review of the RRC's rules to determine the correct ratio affects primary jurisdiction. It is unnecessary to resolve this question given the stage of litigation. Moreover, as noted above, abatement of suit, not dismissal, is the proper remedy when an agency possesses primary jurisdiction. *Forest Oil Corp.,* 518 S.W.2d at 430.

8

without implicating Section H or the RRC's jurisdiction. We hold that Section H of the contract does not vest the RRC with exclusive jurisdiction.

3. <u>Tema's alleged judicial admissions do not transform this lawsuit into one for discrimination.</u>

Finally, we examine ETC's argument that Tema has judicially admitted its pursuit of a discrimination claim via the arguments of its trial counsel in pursuit of Tema's discovery requests and in response to ETC's motions for summary judgment. We also find this argument unpersuasive. To constitute a judicial admission, it must be a "clear, deliberate and unequivocal statement" by a party. *Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996). Statements that are made in the alternative do not constitute judicial admissions. *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 207-08 (Tex. 2000). The record reflects Tema's counsel argued Section H of the contract did not relieve ETC of its obligations to provide facilities to receive gas. Counsel also urged the trial court to compel ETC's answers to discovery and production of documents as relevant to claims for breach of contract and negligence. Counsel's additional statements that ETC was engaging in preferential treatment did not unequivocally demonstrate Tema had abandoned its other theories of proving breach of contract or negligence, or amount to a judicial admission that Tema was asserting a discrimination claim in disguise. While preferential treatment might be one way ETC could breach its contract with Tema, we hold the evidence does not demonstrate it was the only theory Tema pursued. A trial court lacks subject matter jurisdiction only when it is conclusively negated (i.e., the evidence is undisputed or fails to raise a fact question). *Miranda*, 133 S.W.3d at 228. It was not conclusively negated here.

9

Lest there be any confusion of which theories should be permitted at trial, we remind the parties that ETC's original answer, filed May 17, 2017, included a request that Tema disclose the information and materials specified in Texas Rule of Civil Procedure 194.2 within thirty days. Rule 194.2(c) required Tema disclose its legal theories and the factual bases of its claims. *See* TEX. R. CIV. P. 194.2(c). Unless properly supplemented, Tema is bound by its discovery responses, and the trial court is fully empowered to limit Tema's trial presentation should it attempt to venture beyond the factual bases disclosed in discovery responses. *See* TEX. R. CIV. P. 193.6.

We conclude the trial court possesses subject matter jurisdiction to adjudicate Tema's contract and negligence claims. As such, the trial court erred in concluding it lacked jurisdiction. Tema's issue is sustained.

## Conclusion

Having determined the trial court erred in granting the plea to the jurisdiction, we reverse the order of dismissal and remand the case for further proceedings. TEX. R. APP. P. 43.2(d).

Lawrence M. Doss
Justice

Quinn, C.J., concurring in the result.